In Re: Condemnation by the Commonwealth of Pennsylvania, Department of Transportation, of Right of Way for Legislative Route 67045 etc. Mary E. Komada, Appellant.

Submitted on briefs December 15, 1982, to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Mary E. Komada,* appellant, for herself.

*Martin Burman,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE WILLIAMS, JR., June 29, 1983:

Condemnee-appellant property owner appeals from an order of the Court of Common Pleas of Philadelphia County (court) directing that undistributed, estimated just compensation equaling $56,800.00 deposited into court by the condemnor-appellee be paid to the Commonwealth pursuant to Section 522 of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-522.

In 1971 the Commonwealth of Pennsylvania, Department of Transportation (PennDOT) condemned appellant's property by filing a Declaration of Taking in accordance with Section 402 of the Code, 26 P.S. §1-402. Appellant failed to file preliminary objections to the Declaration of Taking. Upon appellant's refusal to accept PennDOT's offer to pay estimated just compensation equalling $56,800.00, PennDOT, pursuant to Section 522 of the Code, petitioned for leave to pay that amount into court. On May 8, 1974, the court directed that such payment be made and PennDOT delivered a check in the full amount to the court's Prothonotary.

On April 29, 1981, almost seven (7) years from the date of the estimated just compensation was paid into

court, and upon appellant's failure to petition for distribution of the money, PennDOT filed a petition praying for the remittance of the undistributed just compensation as mandated by Section 522 of the Code. The court, in an order entered on December 4, 1981, directed that the undistributed, estimated just compensation in the amount of $56,800.00 be paid to the Commonwealth of Pennsylvania, PennDOT without escheat. This appeal followed.

Appellant's *pro se* brief primarily raises two issues for our consideration: 1) whether the court below committed an error of law in ordering that the undistributed just compensation be remitted to PennDOT pursuant to Section 522 of the Code; and 2) whether Section 522 of the Code is violative of rights guaranteed by the United States and Pennsylvania Constitutions. Both contentions are without merit.

Section 522 of the Code pertinently provides the following:

> Upon refusal to accept payment of the damages, or of the estimated just compensation under section 407 [26 P.S. §1-407], ... the court upon petition of the condemnor ... may direct payment thereof and costs into court or as the court may direct in full satisfaction thereof.

> The court thereafter upon petition of any party in interest shall distribute such funds or any funds deposited in court, ... *but if no petition is presented within a period of five years of the date of payment into court, the court shall order the fund or any balance remaining to be paid to the Commonwealth without escheat....* (Footnote omitted.) (Emphasis added.)

The emphasized statutory language is clear and free from ambiguity; moreover, the word "shall" creates a mandatory duty on the part of the court. *See, James*

*F. Oakley, Inc. v. School District of Philadelphia*, 464 Pa. 330, 334-35, 346 A.2d 765, 767 (1975). A court, therefore, *must* order the undistributed just compensation paid to the Commonwealth without escheat, if the money is not claimed by the condemnee within five (5) years of the date of payment into court. Accordingly, the order of the court below directing payment of the deposited funds to the Commonwealth was proper under Section 522 of the Code considering that almost seven (7) years had elapsed from Penn-DOT's payment of the money into court.

Appellant next argues that acceptance of any portion of the just compensation would prejudice appellant's alleged reversionary interest in the condemned property in violation of property rights protected by the United States and Pennsylvania Constitutions. Even assuming the existence of a reversionary interest, appellant has merely alleged, and has not adduced competent evidence below showing, the abandonment of the use for which the property was condemned. Furthermore, appellant clearly has failed to delineate *how* her alleged reversionary interest would be prejudiced upon the abandonment of the project subsequent to claiming the undistributed, estimated just compensation. *See, United States v. Certain Land in Falls Township*, 38 F.2d 109 (3d. Cir. 1930).

Order affirmed.

ORDER

AND Now, this 29th day of June, 1983, the order of the Court of Common Pleas of Philadelhia County, dated November 25, 1981, is hereby affirmed.