PROTHONOTARY-CLERK OF COURTS,
UNION COUNTY, PA

In Re: **CONDEMNATION BY the TOWNSHIP OF MANHEIM, Lancaster County, Pennsylvania, of easements for highway purposes unlimited in vertical dimension and temporary construction easements adjacent to such easements through tracts of land located on the east side of Fruitville Pike in the Township of Manheim, Lancaster County, Pennsylvania, and being portions of tracts of land owned of record by Emanuel E. Murry, William E. Murry, and Barbara K. Murry, also known as Barbara K. Demchyk.**

**Appeal of: Emanuel E. Murry, William E. Murry and Barbara K. Murry, also known as Barbara K. Demchyk.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 7, 2004.

Decided Jan. 5, 2005.

Reargument Denied March 14, 2005.

James F. Heinly, Lancaster, for appellants.

James H. Thomas, Lancaster, for appellee, Manheim Township.

BEFORE: LEADBETTER, Judge, and COHN JUBELIRER, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge COHN JUBELIRER.

Emanuel E. Murry, William E. Murry and Barbara K. Murry (Condemnees) appeal an order of the Court of Common Pleas of Lancaster County (trial court) entered pursuant to Section 522 of the Eminent Domain Code,[1] directing estimated just compensation plus interest be paid to the Commonwealth of Pennsylvania without escheat. In this appeal, Condemnees assert that the trial court (1) committed an error of law by applying the five-year statute of limitations set forth in Section 522 to establish the time deadline during which Condemnees could petition for distribution of the funds, and (2) abused its discretion in discontinuing the proceedings because it should have ordered distribution of the funds to Condemnees.

In the eminent domain proceeding that led to this appeal, the Township of Manheim (Township), on March 5, 1998, filed Declarations of Taking for property along the Fruitville Pike owned by Condemnees. Township acquired both permanent easements for highway purposes unlimited in virtual dimension and temporary construction easements adjacent to the permanent easements for the purpose of the initial construction of highway improvements.

Condemnees did not file Preliminary Objections to the Declarations of Taking. By letter dated July 15, 1998, Township made an offer to pay estimated just compensation to Condemnees in the amount of $8,451.15, which Condemnees subsequently rejected. Township filed a Petition to Deposit Estimated Just Compensation Into Court, which the trial court granted by order dated August 13, 1998. In its order, the trial court directed that the estimated just compensation be paid into court "until further Order of Court directing payment of said amount to the said Condemnees and/or other persons entitled thereto pursuant to Sections 407, 521 and/or 522 of the Eminent Domain Code, 26 P.S. §§ 1-407, 1-521 and/or 1-522, as they may apply." (Trial Ct. Order of August 13, 1998.) In compliance with the order, Township deposited the amount of estimated just compensation with the Prothonotary's Office and served a copy of the Order on the Condemnees.

On November 19, 2003, a period of over five years since the August 13, 1998 Order, Township filed a Petition to Discontinue Proceedings and to Distribute Funds Deposited Into Court pursuant to Section 522 of the Eminent Domain Code. In its Petition, Township averred that distribution of the funds to the Commonwealth was appropriate because, "[m]ore than five (5) years have elapsed since the date of payment of the estimated just compensation into Court, and no party in interest has petitioned to distribute the funds...." (Pet.¶ 15.) Township based its Petition on Section 522 of the Eminent Domain Code, which states that, "if no petition [to distribute] is presented within a period of five years of the date of payment into court, the court shall order the fund or any balance remaining to be paid to the Commonwealth without escheat." (Pet. ¶ 11) (quoting from Section 522 of the Eminent Domain Code).

On November 21, 2003, the trial court issued, on Condemnees, a Rule to Show Cause why the relief requested in the Peti-

1. Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. § 1-522.

tion to Discontinue should not be granted. Condemnees responded to the Petition, asking that the Rule be dismissed because the five-year statutory limitation period in Section 522, upon which Township based its Petition to Discontinue, was not the appropriate limitations provision. They argued for the application of a different statutory provision containing a six-year limitation. (December 23, 2003 Response to Rule to Show Cause ¶ 16.) Condemnees relied on the catch-all provision appearing in Section 5527 of the Judicial Code, which provides that an action in "[a]ny civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation) must be commenced within six years." 42 Pa.C.S. § 5527.

The parties filed briefs and, in an Order and Opinion docketed on March 29, 2004, the trial court held that the five-year limitation applied, granted Township's Petition, and directed the Prothonotary to pay the money to the Commonwealth. Condemnees now appeal to this Court.[2]

Condemnees argue that the trial court committed an error of law by applying the five-year statute of limitations as set forth in Section 522 of the Eminent Domain Code, and contend that it should have applied the six-year statute of limitations as set forth in Section 5527 of the Judicial Code.

Section 522 states in pertinent part:

Upon refusal to accept payment of the damages, ... or if the party entitled thereto cannot be found or if for any reason the same cannot be paid to the party entitled thereto, the court upon

petition ... may direct payment thereof and cost into court. . . .

. . .

The court thereafter upon petition of any party in interest shall distribute such funds or any **funds deposited in court under section 407** to the persons entitled thereto in accordance with the procedure in section 521, **but if no petition is presented within a period of five years of the date of payment into court, the court shall order the fund or any balance remaining to be paid to the Commonwealth without escheat.**

26 P.S. § 1–522 (emphasis added). Condemnees do not address the five-year limitation in Section 522 of the Eminent Domain Code and, instead, begin their argument with the Judicial Code provision, which establishes a five-year limitations period for certain eminent domain matters. That Section provides:

The following actions and proceedings must be commenced within five years:

. . . .

(4) A proceeding in inverse condemnation, if property has been injured but no part thereof has been taken, **or if the condemnor has made payment in accordance with section 407(a) or (b) (relating to possession and payment of compensation) of the Act of June 22, 1964, known as the "Eminent Domain Code."**

42 Pa.C.S. § 5526(4)(emphasis added). Condemnees then posit that, because this is not an inverse condemnation case, Section 5526(4) does not apply and, therefore, the six-year catchall provision found in Section 5227 of the Judicial Code applies.

---

*Condemnation of Real Estate by the Borough of Ashland, Schuylkill County,* 851 A.2d 992 (Pa.Cmwlth.2004).

**2.** Our standard of review is limited to determining whether the trial court abused its discretion or committed an error of law. *In re*

However, Township points to Section 5501 of the Judicial Code, 42 Pa.C.S. § 5501, which establishes the general rule for when the limitations periods in the Judicial Code apply. Section 5501(a) provides, "[a]n action, proceeding or appeal must be commenced within the time specified in or pursuant to this chapter **unless, in the case of a civil action or proceeding, a different time is provided by** this title or **another statute** or a shorter time which is not manifestly unreasonable is prescribed by written agreement." (Emphasis added.) Section 522 of the Eminent Domain Code specifically provides that in this type of proceeding, which is an action to claim the funds deposited in court, action must be taken within five years. Township, thus, argues that the time period specified in Section 522 of the Eminent Domain Code is the applicable time period.

■ We agree that the five-year period set out in Section 522 applies. This Court faced similar facts and the same legal issue as in the case at bar in *Appeal of Komada*, 75 Pa.Cmwlth. 278, 461 A.2d 908 (1983). In *Komada*, as in the case at bar, the condemnor filed a Declaration of Taking, condemnees did not file preliminary objections, the condemnee refused to accept the estimated just compensation, and the condemnor, pursuant to Section 522 of the Eminent Domain Code, petitioned for leave to pay the estimated just compensation into court. Nearly seven years after the estimated just compensation was paid into court, and after condemnee's failure to petition for distribution of the money, the condemnor filed a petition praying for the remittance of the undistributed just compensation as mandated by Section 522. Thereafter, this Court, **expressly applying the five-year provision in Section 522 of the Eminent Domain Code,** held that a court **must** order the undistributed just compensation paid to the Commonwealth without escheat, if the money is not claimed by the condemnee within five years of the date of payment into court. *Id.* at 909. Therefore, *Komada* controls here and the five-year statute of limitations found in Section 522 of the Eminent Domain Code applies. Because Condemnees did not take action to claim the compensation deposited with the court within the five-year period, the undistributed funds must be paid to the Commonwealth.

■ Condemnees' final argument is that the trial court abused its discretion in discontinuing the action and that it should have directed distribution of the funds to Condemnees under the circumstances. Having already determined that the trial court was correct in its holding, that Section 522 of the Eminent Domain Code governs the outcome of this case, we conclude that Condemnees' assertion is not merited. Because Township's Petition to Discontinue was filed five years and six months after the applicable five-year limitation period set forth in the Eminent Domain Code, the trial court, in accordance with *Komada*, was **mandated** to grant it and to distribute the funds to the Commonwealth.

Based on the foregoing opinion, we affirm the order of the trial court.

### ORDER

**NOW,** January 5, 2005, the order of the Court of Common Pleas of Lancaster County in the above-captioned matter is hereby affirmed.