**Renee HUNTER, Appellant**

v.

**CITY OF PHILADELPHIA.**

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 2013.

Decided Nov. 20, 2013.

Casey O. Srogoncik, Philadelphia, for appellant.

Alan C. Ostrow, Divisional Deputy City Solicitor, Philadelphia, for appellee.

BEFORE: BROBSON, Judge, McCULLOUGH, Judge (P.), and FRIEDMAN, Senior Judge.

OPINION BY Judge McCULLOUGH.

Renee Hunter (Plaintiff) appeals from the August 6, 2012 order of the Court of Common Pleas of Philadelphia County (trial court) denying her motion for post-trial relief following entry of a compulsory nonsuit in favor of the City of Philadelphia (City) on May 10, 2012. We affirm.

### Facts and Procedural History

On August 17, 2010, Plaintiff filed a complaint against the City and Saint John the Evangelist Catholic Church (Church) alleging that she sustained a fractured left foot/ankle, multiple contusions and abrasions, and other injuries when she fell on a broken or un-level sidewalk at the northeast corner of 13th and Ludlow Streets in the City on September 23, 2008. Plaintiff also alleged that the City and the Church allowed this dangerous and defective condition of the sidewalk to exist at the aforesaid location for an unreasonable period of time. Plaintiff further alleged that the City was liable under section 8542(b)(7) of the Judicial Code, 42 Pa.C.S. § 8542(b)(7), commonly referred to as the sidewalks exception to governmental immunity. (Trial court op. at 1–4.)

During a subsequent deposition on April 27, 2011, Plaintiff testified that she actually fell in the street when her cane went into a

hole as she was crossing the street at the intersection of 13th and Ludlow Streets. Plaintiff acknowledged that her complaint incorrectly stated that she fell on the sidewalk. Following this deposition, the Church was voluntarily dismissed from the case. (Trial court op. at 1–2.) Shortly thereafter, on May 25, 2011, the City filed a motion for summary judgment alleging that "there is no evidence to support Plaintiff's allegation regarding the location of her fall. . . ." (R.R. at 215a.) Additionally, the City alleged that "[t]o the extent that Plaintiff wishes to amend her Complaint to alter the location of her fall to conform with the evidence now in the record . . . any such amendment would be barred by the statute of limitations." *Id.* However, the trial court denied the City's motion.

The City later filed a motion *in limine* seeking to preclude any evidence of pain and suffering on the ground that Plaintiff had a long history of injuries, pain, and surgeries to her left ankle. At the same time, the City requested entry of a nonsuit reiterating the allegations in its motion for summary judgment. The trial court took these matters under advisement and the case proceeded to a jury trial. Plaintiff again testified that she fell in the street and not on the sidewalk adjacent to the Church as alleged in her complaint. Plaintiff also testified regarding her long history of left ankle problems and surgeries which required her to use a cane to walk. In addition, Plaintiff presented the videotaped deposition of Mark Allen, M.D., her treating physician. Prior to resting her case, Plaintiff moved to amend her complaint to reflect the proper location of her fall. However, after the trial court noted that such a change essentially raised a new cause of action which would prejudice the City, Plaintiff withdrew her motion. (Trial court op. at 1–4.)

The City orally moved for entry of a non-suit alleging: (1) a lack of evidence as to the correct location of Plaintiff's fall and her inability to amend her complaint to allege a new cause of action because the two-year statute of limitations[1] with respect to her claim had expired; (2) a failure to establish that the City was negligent, i.e., a lack of evidence that the City had actual or constructive notice of a defect;[2] and (3) a failure to establish a permanent loss of a bodily function.[3] (R.R. at 443a–46a.) The trial court again took the matter under advisement and allowed the City to present its case, which consisted solely of the videotaped deposition of its own medical expert. On May 10, 2012, the trial court entered a non-suit in favor of the City.[4] (Trial court op. at 2–3.)

Plaintiff filed a motion for post-trial relief alleging that the matter of whether the amendment of Plaintiff's complaint would create a new cause of action was previously settled when the trial court denied the City's earlier motion for summary judgment and that Plaintiff presented objective evidence establishing that her injuries

1. 42 Pa.C.S. § 5524(2) (stating that "[a]n action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another" must be commenced within two years).

2. Section 8542(b)(7) of the Judicial Code requires a plaintiff to establish that "the local agency had actual notice or could reasonably be charged with notice . . . of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition."

3. In her complaint, Plaintiff alleged that the injuries she sustained in her fall resulted in the permanent loss of a bodily function.

4. The trial court judge that granted the non-suit was not the same judge that denied the City's motion for summary judgment.

were permanent and serious. (Trial court op. at 3.)

By order dated August 6, 2012, the trial court denied Plaintiff's motion. In a subsequent opinion, the trial court first noted that the proofs differ under the sidewalks and streets exceptions to governmental immunity,[5] with the City being primarily liable under the latter and only secondarily liable under the former.[6] The trial court explained that Plaintiff failed to produce sufficient evidence to establish a right to relief under either exception.

The trial court also rejected any allegation that entry of a non-suit violated the coordinate jurisdiction rule, which "refers to the long recognized principle that judges of coordinate jurisdiction sitting in the same case should not overrule each others' decisions." *Lock v. City of Philadelphia*, 895 A.2d 660, 668 (Pa.Cmwlth. 2006). The trial court noted that the earlier motion for summary judgment differed in kind procedurally from the request for non-suit and that there was an intervening change in the facts once evidence and testimony was presented at trial. (Trial court op. at 3, 5–9.)

■■■■ On appeal to this Court,[7] Plaintiff first argues that the trial court violated the coordinate jurisdiction rule by granting the City's request for non-suit. We disagree.

*Discussion*

*Coordinate Jurisdiction*

■■■■ "Generally, the coordinate jurisdiction rule commands that upon transfer of a matter between trial judges of coordinate jurisdiction, a transferee trial judge may not alter resolution of a legal question previously decided by a transferor trial judge." *Zane v. Friends Hospital*, 575 Pa. 236, 243, 836 A.2d 25, 29 (2003). Simply stated, this rule provides that judges of coordinate jurisdiction should not overrule each other's decisions. *Id.* However, this rule is not absolute. Rather, "[d]eparture from the rule is allowed in 'exceptional circumstances' when there has been a change in the controlling law or where there was a substantial change in the facts or evidence." *Id.*

■■■■ Moreover, the coordinate jurisdiction rule does not apply where the motions are of a different type. *Garzella v. Borough of Dunmore*, 62 A.3d 486 (Pa. Cmwlth.), *appeal denied*, —— Pa. ——, 72 A.3d 605 (2013). In *Garzella*, Jody Sibio, Anthony Cali, and Tony Garzella, active reserve police officers for the Borough of Dunmore (Borough), brought an action against the Borough for breach of a labor contract imposed by an interest arbitration

---

**5.** Sections 8542(b)(7) and (b)(6) of the Judicial Code, 42 Pa.C.S. §§ 8542(b)(7), (b)(6), respectively.

**6.** Pursuant to section 8542(b)(7), "[w]hen a local agency is liable for damages under this paragraph by reason of its power and authority to require installation and repair of sidewalks under the care, custody and control of other persons, the local agency shall be secondarily liable only and such other persons shall be primarily liable." However, under section 8542(b)(6), the local agency is primarily liable for a "dangerous condition of streets" that it owns.

**7.** Our scope of review of the denial of post-trial motions is limited to determining whether the trial court abused its discretion or committed an error of law. *Municipal Authority of the Borough of Edgeworth v. Borough of Ambridge Water Authority*, 936 A.2d 538 (Pa.Cmwlth.2007). Additionally, we note that "[a] judgment of nonsuit may be entered only in the clearest cases, and a plaintiff must be given the benefit of all favorable evidence, together with all reasonable inferences of fact arising therefrom, and any conflict in the evidence must be resolved in the plaintiff's favor." *Asbury v. Port Authority Transit of Allegheny County*, 863 A.2d 84, 88 n. 4 (Pa. Cmwlth.2004).

award under Act 111,[8] the statute governing the collective bargaining rights of police and fire personnel, and against the Dunmore Police Association (Union) for breach of the duty of fair representation before the Court of Common Pleas of Lackawanna County (common pleas court). The Borough and the Union filed preliminary objections on a number of grounds, including demurrers that the plaintiffs were barred from suing the Borough for breach of the Act 111 award and were limited in remedy to *nunc pro tunc* arbitration of their grievance. The common pleas court denied these demurrers noting that the plaintiffs' complaint made factual allegations of conspiracy between the Borough and the Union which it was required to accept as true at the pleading stage.

Following completion of discovery, the Borough and the Union moved for summary judgment. A different common pleas court judge issued an order granting the Borough's motion for summary judgment, granting the Union summary judgment on the plaintiffs' claims for damages, and limiting the plaintiffs' remedy against the Union to *nunc pro tunc* grievance arbitration.[9] On appeal, Officer Sibio argued that the common pleas court was barred from granting summary judgment because another judge of the same court had denied preliminary objections on the same issues.

This Court rejected Officer Sibio's argument, concluding that "[t]he rule that one judge should not overrule another on the same court, the coordinate jurisdiction rule, does not apply where the motions are of a different type, and does not bar a judge on summary judgment from overruling another judge's decision on preliminary objections or judgment on the plead-

ings, even on an identical legal issue." *Id.* at 497. Further, we held that "[w]here the motions differ in kind, as preliminary objections differ from motions for judgment on the pleadings, which differ from motions for summary judgment, a judge ruling on a later motion is not precluded from granting relief although another judge has denied an earlier motion." *Id.* (citation omitted).

▪ In the present case, Plaintiff asserts that the trial court's denial of the City's motion for summary judgment following her deposition precluded the trial court's later grant of a compulsory non-suit in the City's favor. However, the motions for summary judgment and for entry of a non-suit differ not only in kind but also in the operative facts. Summary judgment is appropriately granted where the record shows that there are no genuine issues of material fact, the moving party is entitled to judgment as a matter of law, and the right to such judgment is clear and free from doubt. *Martin v. Southeastern Pennsylvania Transportation Authority,* 52 A.3d 385 (Pa.Cmwlth.2012). Entry of non-suit is proper only if the fact finder, viewing all the evidence in favor of the burdened party, could not reasonably conclude the essential elements of the cause of action were established and can only be granted in cases where it is clear a cause of action was not established. *Daddona v. Thind,* 891 A.2d 786 (Pa.Cmwlth.), *appeal denied,* 589 Pa. 732, 909 A.2d 306 (2006).

As noted above, the City's motion for summary judgment was made during the discovery phase of these proceedings, following Plaintiff's deposition. The record

---

8. Act of June 24, 1968, P.L. 237, *as amended,* 43 P.S. §§ 217.1–217.10.

9. Officers Cali and Garzella thereafter settled their claims against the Borough and the Union.

was not complete at this point in time. The City's request for entry of non-suit was made following the close of Plaintiff's case. In *Garzella*, we referred to the filing of preliminary objections and a motion for summary judgment as occurring during a "different procedural posture of the case." *Id.* at 497. The same can be said in the present case.

Moreover, we note that our Superior Court reached a similar conclusion in *Parker v. Freilich*, 803 A.2d 738 (Pa.Super.2002), *appeal denied*, 573 Pa. 659, 820 A.2d 162 (2003). In *Parker*, the plaintiffs, a patient and her husband, sued a physician and a registered nurse anesthetist for malpractice. A default judgment was entered against the nurse, who had failed to remove a catheter from the patient's arm following a colonoscopy in the physician's office, resulting in permanent injuries to the patient's arm. The issue to be decided was whether the ostensible agency theory should be extended to and applied when a physician performed an in-office procedure using the assistance of an independently contracted nurse, thereby rendering the physician liable for the nurse's malpractice.

The physician later filed a motion for summary judgment alleging, *inter alia*, that the theory of ostensible agency was inapplicable to physicians and was only applicable to hospitals and health maintenance organizations (HMOs). The motion was denied, and the matter proceeded with a jury trial. At the close of the plaintiffs' case, the physician moved for the entry of nonsuit on several issues, including the issue of ostensible agency. The common pleas court ruled that ostensible agency was applicable only to hospitals and HMOs, but inapplicable to physicians, and it granted the motion for non-suit.

On appeal, the plaintiffs alleged that, in accordance with the coordinate jurisdiction rule, the denial of the physician's motion for summary judgment precluded the grant of the non-suit where identical arguments were raised in both. Our Superior Court rejected this allegation, concluding that a motion for summary judgment and a motion for non-suit are *not* motions of the same kind. The court noted that at the time the nonsuit was granted, the common pleas court had before it the evidence presented by the plaintiffs in their case in chief; by contrast, when the common pleas court denied the summary judgment motion, the trial had not begun and the plaintiffs had not presented their case in chief. The court reasoned that the plaintiffs' presentation of their case in chief constitutes an intervening change in the facts that warranted a second consideration of the issue of the applicability of the doctrine of ostensible agency through a motion for nonsuit.

■ Because the City's motion for summary judgment and request for non-suit occurred during different procedural phases of the case, with the latter following presentation of Plaintiff's case in chief, we conclude that the trial court here did not violate the coordinate jurisdiction rule by granting the City's request for non-suit.

### Variance in Pleading

■ Next, Plaintiff argues that the trial court erred in granting the City's request for non-suit because the claimed variance between Plaintiff's complaint and her deposition testimony regarding the location of her fall was not material and supports a claim under section 8542(b)(6) of the Judicial Code, 42 Pa.C.S. § 8542(b)(6),[10] com-

10. This section provides as follows:
(6) Streets.

(i) A dangerous condition of streets owned by the local agency, except that the claim-

monly referred to as the streets exception to governmental immunity. The City contends that Plaintiff has waived this issue. Upon review of the record, we agree with the City.

As noted above, at the close of her case in chief, Plaintiff requested permission from the trial court to amend Plaintiff's complaint to reflect the proper location of her fall and to proceed under the streets exception. The trial court advised Plaintiff that "by changing these slight facts, you are raising a new cause of action; and, therefore, [the City is] prejudiced." (R.R. at 455a–56a.) Plaintiff subsequently withdrew her motion to amend and asked to proceed under "the catchall negligence count of the Complaint." (R.R. at 456a.) The trial court took the matter under advisement and proceeded with the City's defense, ultimately granting the City's request for non-suit. In her motion for post-

trial relief, Plaintiff never alleged that the "catchall negligence count" of her complaint supports a cause of action relating to a fall in the street. The law is well settled that issues not raised in post-trial motions are waived and will not be addressed on appeal. Pa.R.C.P. No. 227.1;[11] *L.B. Foster Co. v. Lane Enterprises, Inc.,* 551 Pa. 307, 710 A.2d 55 (1998) (holding that Pa.R.C.P. No. 227.1 requires parties to file post-trial motions in order to preserve issues for appeal and that issues not raised in a post-trial motion are waived for appeal purposes).

Accordingly, the order of the trial court is affirmed.[12]

### ORDER

AND NOW, this 20th day of November, 2013, the order of the Court of Common

---

ant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.
(ii) A dangerous condition of streets owned or under the jurisdiction of Commonwealth agencies, if all of the following conditions are met:
(A) The local agency has entered into a written contract with a Commonwealth agency for the maintenance and repair by the local agency of such streets and the contract either:
(i) had not expired or been otherwise terminated prior to the occurrence of the injury; or
(ii) if expired, contained a provision that expressly established local agency responsibility beyond the term of the contract for injuries arising out of the local agency's work.
(B) The injury and dangerous condition were directly caused by the negligent performance of its duties under such contract.

(C) The claimant must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

11. Pa.R.C.P. No. 227.1 provides that:
(a) After trial and upon the written Motion for Post–Trial Relief filed by any party, the court may
(1) order a new trial as to all or any of the issues; or
(2) direct the entry of judgment in favor of any party; or
(3) remove a nonsuit; or
(4) affirm, modify or change the decision; or
(5) enter any other appropriate order.

12. Based upon our determination above, we need not reach Plaintiff's remaining arguments concerning her purported failure to demonstrate a permanent injury or that the City had actual or constructive notice of the defect in the street that caused her injuries.

Pleas of Philadelphia County, dated August 6, 2012, is hereby affirmed.