IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory L. Geppert  :
          Appellant  :
   :  No. 324 C.D. 2020
          v.  :
   :  Submitted: October 15, 2020
Borough of Swissvale  :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE MCCULLOUGH                FILED: December 8, 2020


Gregory L. Geppert (Geppert) appeals from the March 2, 2020, non-jury verdict entered in the Court of Common Pleas of Allegheny County (trial court), finding in favor of the Borough of Swissvale (Borough) on Geppert's action in mandamus.[1]

---

[1] Geppert incorrectly filed his appeal directly from the non-jury verdict. Generally, a party seeking to file a notice of appeal must first file a praecipe to enter judgment on the non-jury verdict and the judgment must be entered on the docket with appropriate notice of the same by the prothonotary to the parties. It is only after entry of judgment and notice of the same to the parties that this Court has jurisdiction to review the merits of an appeal. *See Johnston the Florist, Inc. v. TEDCO Construction Corporation*, 657 A.2d 511, 514 (Pa. Super. 1995) (*en banc*) (stating that entry of judgment is a prerequisite to the exercise of its court's jurisdiction).

Although we could do so, we decline to quash the appeal in these circumstances. Our rationale is this: were we to expend judicial resources in the decision to quash on this basis, inevitably one of the parties will praecipe the prothonotary to enter judgment, only to have Geppert refile his appeal. In situations like this, our courts have opted to conserve judicial resources and allow the appeal to go forward where, as here, "the order from which a party appeals was clearly
**(Footnote continued on next page…)**

Geppert was employed by the Police Department of the Borough (Police Department) from March 21, 1990, through January 1, 2018. After serving as a patrolman, lieutenant, and Assistant Chief, Geppert was appointed as Chief of Police in 2008 and remained in that position through his retirement on December 31, 2017. (Trial Transcript, February 3, 2020 (Tr.) at 4; Reproduced Record (R.R.) at 5a, 19a.) During his time with the Police Department and prior to serving in the management-level positions of Assistant Chief and Chief, Geppert was a member of the Police Department's bargaining unit, represented by the Swissvale Police Officers Association. (R.R. at 5a, 10a.) He was not a member of the bargaining unit while he was in management positions of Assistant Chief and Chief. *Id.*

When Geppert retired, the Borough provided him with full medical and hospitalization benefits. In April of 2018, Geppert was notified by the Borough Solicitor that he would have to pay $100 per month towards his healthcare insurance and these payments were retroactive to December 31, 2017. The Borough Solicitor also informed Geppert that if he failed to make these payments his healthcare would be cancelled. (R.R. at 8a.) Geppert paid the 23 retroactive payments under protest and continued to pay the $100 per month charged by the Borough. *Id.*

On October 15, 2018, Geppert filed a complaint in mandamus, alleging that the Borough's practice of invoicing of him for medical insurance contributions was discriminatory treatment in view of the fact that he was the only retired Swissvale police officer being required to contribute towards his medical insurance. (R.R. at 60a.) Geppert asked the trial court to require the Borough to cease and desist from requiring him to contribute towards his post-retirement healthcare.

---

intended to be a final pronouncement on the matters discussed." *Johnston the Florist,* 657 A.2d at 514 (internal quotation marks omitted); *see also McCormick v. North Eastern Bank of Pennsylvania*, 561 A.2d 328, 330 n.1 (Pa. 1989).

The Borough filed preliminary objections to Geppert's complaint, arguing that the trial court lacked jurisdiction to issue mandamus relief because Geppert should have litigated the case under the grievance procedure of the parties' collective bargaining agreement (CBA).[2]  After oral argument, a judge of the Court of Common Pleas of Allegheny County, on December 12, 2018, overruled the Borough's preliminary objections.  (R.R. at 1a.)

The case proceeded to a bench trial which took place on February 3, 2020, before a different judge (trial judge).  (R.R. at 2a.)  At trial, Geppert testified that he contacted two Swissvale Police Chiefs who had retired before him, Chief Nuzzo and Chief Ohman, and both stated that they had paid nothing toward their healthcare costs after retirement.  (Tr. at 7, R.R. at 8a.)  After Geppert rested, the Borough moved to dismiss the case.  (Tr. at 11-12, R.R. at 12a-13a.)  The Borough argued that Geppert erred by filing an action in mandamus instead of litigating the dispute through the grievance procedure under the CBA.  In response, Geppert argued that he was not a member of the bargaining unit at the time he retired so he had no right to file a grievance.  (Tr. at 12, R.R. at 13a.)  Geppert also argued that in any event, this issue was already decided previously when a prior judge overruled the Borough's preliminary objections which raised the identical argument.  He argued that the trial judge was, thus, precluded from ruling on the issue again by the coordinate jurisdiction rule.  (Tr. at 35-36, R.R. at 36a-37a.)  The trial judge took the matter under advisement.

The Borough presented the testimony of Borough Manager, Clyde Wilhelm, who testified that Geppert was not charged by the Borough for any contribution toward the healthcare premium while serving as Assistant Chief and

---

[2] Neither the complaint nor the preliminary objections are included in the Reproduced Record or Supplemental Reproduced Record.

3

Chief, because he was a management-level employee and not a member of the bargaining unit at that time. (Tr. at 24, R.R. at 25a.) Wilhelm testified that after Geppert's retirement, the Borough began invoicing him for the contribution, at a rate of $100 per month, pursuant to Article X, Section A(2) of the CBA.[3] (Tr. at 20-25, R.R. at 21a-26a.) He testified that the basis for providing Geppert his post-retirement medical insurance was the CBA between Swissvale police officers and the Borough. (Tr. at 20, R.R. at 21a.) Wilhelm explained that there is no other contract between Geppert and the Borough, other than the CBA, which obligated the Borough to provide Geppert with healthcare benefits post-retirement. (Tr. at 30, R.R. at 31a.) In other words, the only reason Geppert received post-retirement healthcare was the CBA, and the CBA requires a $100 contribution. *Id.* Wilhelm testified that retired Chief Nuzzo passed away before the CBA provision requiring a $100 contribution went into effect. (Tr. at 27, R.R. at 28a.) He was unable to

---

[3] Article X of the CBA entitled "Hospitalization and Medical Insurance" provides, in pertinent part, as follows:

> Section A. All full time Civil-Service bargaining unit members covered by the Borough's hospitalization program will be covered by the current health program thru Municipal Benefits Services (MBS). The Borough shall establish a health reimbursement account to cover the full deductible for each police officer. Employees will be fully responsible for co-pays.
> * * *
> 2. Contribution Toward Hospitalization Premium. Each officer who is covered by health insurance shall contribute ten percent (10%) of the monthly premium for his or her hospitalization up to a maximum of $100 per month. . . .
> * * *
> Section B. Hospitalization for Retirees. The hospital plan provided to active full time bargain unit members shall be extended to retirees, husband and wife only, until age 65. . . .

CBA, Article X. (Supplemental Reproduced Record (SRR) at 8-9.)

4

determine if Chief Ohman, who retired in 2008, was required to pay the $100 contribution. *Id.*

After the conclusion of trial, the trial judge invited the parties to file supplemental legal briefs, which they did.

On March 2, 2020, the trial judge issued a non-jury verdict in favor of the Borough and against Geppert because Geppert "failed to meet his burden of proof for mandamus relief." (Non-Jury Verdict, 3/3/20 at 1.) Geppert filed a Notice of Appeal on March 19, 2020. On March 19, 2020, the trial judge filed a memorandum in lieu of an opinion, concluding that Geppert failed to file a motion for post-trial relief pursuant to Pennsylvania Rule of Civil Procedure No. 227.1(c)(2) and, consequently, he waived all issues on appeal. (Trial court memorandum in lieu of opinion, 3/19/20 at 1.)

On appeal,[4] Geppert raises two issues: (1) whether the coordinate jurisdiction rule precluded the trial judge from concluding that he failed to demonstrate his entitlement to mandamus relief; and (2) whether he waived his issues on appeal by failing to file a post-trial motion.

### Discussion

As an initial matter, we determine whether Geppert waived the issues that he raises in his appellate brief.

Post-trial motions shall be filed pursuant to Pa. R.C.P. No. 227.1 at the conclusion of any type of trial. *Chalkey v. Rousch*, 805 A.2d 491 (Pa. 2002).

---

[4] When reviewing a non-jury verdict, this Court's scope and standard of review is limited to determining whether the competent evidence supports the trial court's findings of fact and whether the trial court committed an error of law. *East Coast Paving & Sealcoating, Inc. v. North Allegheny School District*, 111 A.3d 220, 226 n.8 (Pa. Cmwlth. 2015). This Court must treat the trial court's findings of fact the same as this Court would treat a jury's findings of fact. *Id.* This Court views the evidence in the light most favorable to the party that prevailed before the trial court. *Id.*

5

Motions for post-trial relief must be filed within 10 days after notice of the verdict is sent. Pa. R.C.P. No. 227.1(c)(1). The Pennsylvania Supreme Court has concluded that the filing of a post-trial motion is mandatory if a litigant wishes to preserve issues for further review. *L.B. Foster Co. v. Lane Enterprises, Inc.*, 710 A.2d 55 (Pa. 1998) (concluding that Pa. R.C.P. No. 227.1 "requires parties to file post-trial motions in order to preserve issues for appeal. If an issue has not been raised in a post-trial motion, it is waived for appeal purposes."). *See also Municipal Authority of Hazle Township v. Lagana*, 848 A.2d 1089, 1092-93 (Pa. Cmwlth. 2004).

Here, the trial judge convened a one-day bench trial and thereafter rendered a decision on March 3, 2020. Notices were sent on that day. An examination of the original record and docket entries establishes that Geppert filed a Notice of Appeal on March 19, 2020, directly from the non-jury verdict. However, he did not file a motion for post-trial relief pursuant to Pa. R.C.P. No. 227.1 after the trial judge rendered his verdict.

Geppert argues that he was not required to file a post-trial motion because the trial judge permitted the parties to file briefs to supplement the arguments they made at trial. (Geppert's Brief (Br.) at 8.) He argues that the purpose of post-trial motions "is to apprise a trial court of the issues which a party believes the Court should address." *Id.* at 10. He argues that since the trial judge "was apprised of the issues in dispute" by the supplemental post-trial briefs filed by both parties, post-trial motions were "unnecessary" and would have been "redundant." *Id.*

Geppert cites to no authority, and we have found none, to support his argument that filing a supplemental brief after trial, but before a verdict is rendered, is an acceptable substitute for a post-trial motion. The purpose of a post-trial motion

6

is to provide the trial court with notice of any issues remaining after trial so that the trial court has an opportunity to respond, prior to any appeal being perfected. *M.C. & E.K. Lees, Inc. v. Capenos*, 119 A.3d 1092, 1101 (Pa. Cmwlth.), *appeal denied*, 128 A.3d 1208 (Pa. 2015). The object is to permit the trial court the opportunity, while it still has jurisdiction, to review and reconsider its ruling and to correct the error if necessary. *Id. See also, Jackson v. Kassab*, 812 A.2d 1233 (Pa. Super. 2002), *appeal denied*, 825 A.2d 1261 (Pa. 2003); *Chalkey*, 805 A.2d at 494 n.9 (observing that the purpose of Pa. R.C.P. No. 227.1 is to avoid the need for appellate review by providing the trial court a chance to correct any errors in its ruling). A supplemental brief filed after trial, but before the verdict, does not accomplish this purpose. Accordingly, although Geppert filed a supplemental legal brief after trial, addressing issues he now seeks to argue on appeal, we conclude that these issues are nonetheless waived because Geppert failed to file a timely post-trial motion. *See L.B. Foster Co.*, 710 A.2d at 55.

Notwithstanding the fact that Geppert waived his arguments for appeal, if this Court were to address Geppert's contentions, we would conclude that they do not merit relief.

Geppert argues that the substantive issue of whether he was required to litigate his dispute under the grievance procedure of the CBA (as opposed to filing an action in mandamus) was already decided when the first judge overruled the Borough's preliminary objections which raised the identical argument.[5] He

---

[5] As for the underlying substantive issue, Geppert merely states that he "did not err in filing a mandamus action instead of litigating the dispute through the grievance procedure under the [CBA]." *See* Geppert's Br. at 9. However, aside from this brief statement, he has provided no other argument, support, or analysis of the issue in violation of Pa. R.A.P No. 2119. Because Geppert has failed to develop any argument or cite to any authority in support of this issue, we find it is waived. *See In re Tax Claim Bureau of Lehigh County 2012 Judicial Tax Sale*, 107 A.3d **(Footnote continued on next page…)**

contends that under the coordinate jurisdiction rule, the trial judge was precluded from revisiting the issue again at trial. We disagree that the coordinate jurisdiction rule applies to these facts.

The coordinate jurisdiction rule is encompassed within the law of the case doctrine. *Zane v. Friends Hospital*, 836 A.2d 25 (Pa. 2003). "The coordinate jurisdiction rule serves to protect the expectations of the parties, to insure uniformity of decisions, to maintain consistency in proceedings, to effectuate the administration of justice, and to bring finality to the litigation." *Id.* at 29. With limited exceptions, the rule "commands that upon transfer of a matter between trial judges of coordinate jurisdiction, a transferee trial judge may not alter resolution of a legal question previously decided by a transferor trial judge." *Hunter v. City of Philadelphia*, 80 A.3d 533, 536 (Pa. Cmwlth. 2013) (*quoting Zane*, 836 A.2d at 29).

"Simply stated, this rule provides that judges of coordinate jurisdiction should not overrule each other's decisions." *Id.* However, as our Supreme Court has explained, different judges may rule on different motions without violating the rule:

> Where the motions differ in kind, as preliminary objections differ from motions for judgment on the pleadings, which differ from motions for summary judgment, a judge ruling on a later motion is not precluded from granting relief although another judge has denied an earlier motion. However, a later motion should not be entertained or granted when a motion *of the same kind* has previously been denied, unless intervening changes in the facts or the law clearly warrant a new look at the question.

*Goldey v. Trustees of University of Pennsylvania*, 675 A.2d 264, 267 (Pa. 1996) (emphasis in original).

---

853 (Pa. Cmwlth. 2015) (a party's failure to develop an issue in the argument section of its brief constitutes waiver of the issue).

8

Here, the coordinate jurisdiction rule was not implicated or violated. The first judge overruled the Borough's preliminary objections, which simply meant that Geppert had alleged enough facts in his complaint to proceed beyond the pleading stage. At the preliminary objection stage, the first judge was required to accept the facts of Geppert's complaint as true, including his factual claim that he was not restricted to the CBA's grievance procedure to resolve his healthcare benefits contribution dispute. However, after the trial, in light of the evidence, the trial judge found that Geppert had failed to establish that he was not bound by the CBA's grievance procedure, which was essential to his cause of action in mandamus. The coordinate jurisdiction rule did not limit the trial judge's authority to rule after trial that Geppert had ultimately failed at trial to prove he was entitled to mandamus relief. The trial judge's ruling that Geppert failed to establish that he was entitled to mandamus relief was made in a decision adjudicating Geppert's action following trial, an entirely different procedural posture from the preliminary objections.

### Conclusion

In sum, we conclude that Geppert waived all of his issues due to his failure to file a timely post-trial motion. Because no issues were preserved for appeal, the appeal is dismissed.[6]

_____
PATRICIA A. McCULLOUGH, Judge

---

[6] On a final note, the Borough has invited Geppert to file a grievance to settle his dispute over the post-retirement healthcare benefits contribution. The Borough has indicated that it would not waive any of its defenses against a grievance arising out of this matter, including timeliness, but would agree to submit it to binding arbitration before a neutral arbitrator, in accordance with Article XV of the CBA. (Borough's Br. at 13, n.2.)

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory L. Geppert                 :
             Appellant       :
                       :    No. 324 C.D. 2020
          v.              :
                       :
Borough of Swissvale         :

## *ORDER*

AND NOW, this 8th day of December, 2020, the appeal filed by Appellant Gregory L. Geppert is hereby DISMISSED.

_____
PATRICIA A. McCULLOUGH, Judge