J-A06019-16

2016 PA Super 229

| | |
|---|---|
| ALISHA SICILIANO, CASSIE STARETZ, SAMANTHA LYNN EARLY AND JUSTIN ECK, INDIVIDUALLY AND ON BEHALF OF ALL SIMILARLY SITUATED PERSONS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| ALBERT/CAROL MUELLER, T/A MCDONALDS; ALBERT AND CAROL MUELLER LIMITED PARTNERSHIPS; ALBERT MUELLER, INDIVIDUALLY; AND CAROL MUELLER, INDIVIDUALLY | |
| Appellants | No. 1321 MDA 2015 |

Appeal from the Order Entered May 29, 2015
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 2013-07010

BEFORE:  LAZARUS, J., STABILE, J., and DUBOW, J.

OPINION BY LAZARUS, J.:                    **FILED OCTOBER 21, 2016**

Albert and Carol Mueller, Albert and Carol Mueller Limited Partnerships, and Albert/Carol Mueller t/a McDonalds (collectively "the Muellers") appeal from the order of the Court of Common Pleas of Luzerne County denying their motion for summary judgment.  After careful review, we affirm.

The Muellers, through their limited partnership, own and operate sixteen McDonalds franchises in Pennsylvania.   On August 26, 2013,

Plaintiffs, a class consisting of current and former McDonalds' hourly employees[1], filed an action against the Muellers alleging violations of the Pennsylvania Wage Payment and Collection Law (WPCL). 43 P.S. § 260.3. Specifically, Plaintiffs alleged that the Muellers violated the WPCL by paying their wages from November 2010 to July 2013 through a mandatory JP Morgan Chase Payroll Card rather than by cash or check. Plaintiffs sought, *inter alia*, compensatory and punitive damages as well as counsel fees and litigation costs.

On May 14, 2015, the trial court certified this matter as a class action. Shortly thereafter, on May 29, 2015, the court denied the Muellers' motion for summary judgment; the court included in the order a statement that the matter involved a controlling question of law, as to which there is substantial ground for difference of opinion, the immediate appeal of which might materially advance the ultimate termination of the matter. ***See*** 42 Pa.C.S. § 702(b) (interlocutory appeals by permission).[2] The Muellers filed a petition to appeal the May 29, 2015 order, which this Court granted on August 3, 2015.[3]

---

[1] Plaintiffs averred that Appellants allowed managerial employees to be paid wages by direct deposit. Plaintiffs' Amended Complaint, 8/26/13, at ¶ 9.

[2] Plaintiffs'/Appellees' motion to dismiss this interlocutory appeal is denied.

[3] On October 19, 2015, the Muellers filed a Petition for Extraordinary Relief in the Supreme Court, which was denied on December 10, 2015.

The sole issue on appeal, a question of first impression, is whether mandatory payment of wages by payroll debit card ("payroll card") meets the requirement of section 260.3 of the WPCL that "wages shall be paid in lawful money of the United States or check."  43 P.S. § 260.3.  We conclude that it does not, and, therefore, we affirm the trial court's order.

Our standard of review of an order granting or denying summary judgment is well-settled:

> We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.  Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.  Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear:  the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

***Daley v. A.W. Chesterton, Inc.***, 37 A.3d 1175, 1179 (Pa. 2012) (citation omitted).

Section 260.3(a) of the WPCL provides, in relevant part:

> Wages other than fringe benefits and wage supplements.  Every employer shall pay all wages, other than fringe benefits and wage supplements due to his employes on regular paydays designated in advance by the employer. . . . **The wages shall be paid in lawful money of the United States or check**.

43 P.S. § 260.3(a) (emphasis added).

As our analysis involves interpreting section 260.3 of the WPCL, we begin by considering the Statutory Construction Act.  1 Pa.C.S.A. §§ 1501, *et seq*.  The Statutory Construction Act is clear: the objective of all

- 3 -

interpretation and construction of statutes is to ascertain and effectuate the intention of the legislature. 1 Pa.C.S.A. § 1921(a). Our Supreme Court has found that "the best indication of the General Assembly's intent is the plain language of the statute." *Ario v. Ingram Micro, Inc.*, 965 A.2d 1194, 1201 (Pa. Super. 2009), citing *Martin v. Commonwealth, Dep't of Transp., Bureau of Driver Licensing*, 905 A.2d 438, 443 (Pa. 2006). *See* 1 Pa.C.S.A. § 1921(b) (when words of statute are clear and unambiguous, there is no need to look beyond plain meaning of statute "under the pretext of pursuing its spirit."). Only where the words of a statute are not explicit, or they are ambiguous, is there need to resort to consideration of the factors in aid of construction enumerated in 1 Pa.C.S.A. § 1921(c). *See Commonwealth v. Fithian*, 961 A.2d 66, 74 (Pa. 2008).

The WPCL states that wages "shall be paid in lawful money of the United States or check." 43 P.S. § 260.3. The language is clear. A debit card is not "lawful money" and it is not a "check" as contemplated by the drafters of the WPCL. We agree with the learned trial judge, the Honorable Thomas Burke, Jr., that the Legislature obviously did not contemplate the concept of a payroll debit card when it adopted the language of section 260.3 in 1961.

The term "check" is defined in the WPCL as follows: "A draft drawn on a bank and payable on demand." 43 P.S. § 260.2(a). A "draft," though not defined in the WPCL, is "[a]n unconditional written order signed by one person (the drawer) directing another person (the drawee or payor) to pay a

certain sum of money on demand or at a definite time to a third person (the payee) or to bearer. A check is the most common example of a draft." Black's Law Dictionary (10th ed. 2014).

The term "lawful money" is not defined in the statute; however, its common definition or approved usage does not include a debit card. *See* 1 Pa.C.S. § 1903 (where terms are not defined in statutes, Statutory Construction Act requires words and phrases to be construed by their common and approved usages). The Statutory Construction Act itself defines "money" as: "Lawful money of the United States." 1 Pa.C.S. § 1991. Black's Law Dictionary defines "lawful money" as: "Money that is legal tender for the payment of debts." Black's Law Dictionary (10th ed. 2014). "Legal tender" is defined as follows: "The money (bills and coins) approved in a country for the payment of debts, the purchase of goods, and other exchanges for value." *Id.* The dictionary defines "money" as: "something generally accepted as a medium of exchange, a measure of value, or a means of payment: officially coined or stamped metal currency." *See Merriam-WebsterDictionary* http://www.merriam-webster.com/dictionary/money. None of these definitions includes a debit card or a payroll debit card.[4]

_____

[4] Shortly after this litigation was instituted, Representative Gerald J. Mullery (Luzerne County) introduced legislation to amend the WPCL. The bill was referred to the Committee on Labor and Industry on June 2, 2015. *See* 2015 Pennsylvania House Bill No. 1274, Pennsylvania One Hundred Ninety-
*(Footnote Continued Next Page)*

The Muellers' argument that a debit card is the "functional equivalent" of a check or lawful money is unavailing, particularly because the payroll cards, which were mandatory for hourly employees, forced users to incur fees, including over-the-counter cash withdrawal fees and inactivity fees, unless the employees complied with the requirements of the bank/company issuing and managing the debit cards. For example, the fee schedule indicates the cardholder was limited to one free withdrawal per deposit, and thereafter each withdrawal carried a $5.00 fee. *See* Amended Complaint, 8/26/13, at ¶¶ 61, 96, 118, 143, 154.

In an *amicus* brief in support of the Muellers, the American Payroll Association (APA) argues that the Legislature has made clear that an employer may satisfy the requirements of the WPCL when "lawful money or

*(Footnote Continued)* ———————————

Ninth General Assembly - 2015-2016 (June 02, 2015). The proposed amendment allows employers to pay an employee's wages in the form of a payroll debit card. The bill adds "payroll card" to the manner in which wages shall be paid under the WPCL, provided the "employe **voluntarily** provides advance authorization, in writing, permitting payment of the employe's wages in this manner." *See* H.B. 1274, June 2, 2015, Section 3(4) (emphasis added). The bill also proposes definitions of "Lawful money" and "[p]ayroll card," defining "[l]awful money" as "legal tender of the United States[,]" and "Payroll card" as "[a] prepaid card or other device used by an employe to access wages from a payroll card account." *See* H.B. 1274, June 2, 2015, Section 2.1. The proposed legislation "establishes requirements and parameters for employers using payroll debit cards in the payment of employee wages, ensuring increased protection for workers. Required guidelines will not only ensure that employees have access to the full amount of their wages, but are provided with **unlimited, no-cost access to their accounts.**" Mullery, Co-Sponsorship Memoranda, 2/3/15 (emphasis added).

a check is not involved by depositing an employee's wages into an account at a financial institution[.]" *See* Brief of Amicus Curiae American Payroll Association, at 10. The APA cites to section 6121 of the Banking Code, which provides:

> For the purposes of any statute, rule or regulation requiring any payment to be made in lawful money or by check, whether for wages, salaries, commissions or other claims of any kind, such payment may be made by credit to an account in a bank, credit union or other financial institution authorized to accept deposits or payments designated by the recipient of such payment *if the recipient has requested such method of payment in writing*.

7 P.S. § 6121 (emphasis added). Amicus argues that, "[b]y definition, payroll cards involve the deposit of wages into an employee's account at a financial institution." *Id.* at 11. However, what the Muellers fail to address is the fact that the statute clearly *requires* the written request of the recipient. We emphasize that Plaintiffs here alleged they were *required* to "receive their employment wages exclusively by a Chase Payroll Card." Amended Complaint, *supra*, at ¶ 7.

The use of a voluntary payroll debit card may be an appropriate method of wage payment. However, until our General Assembly provides otherwise, the plain language of the WPCL makes clear that the mandatory use of payroll debit cards at issue here, which may subject the user to fees, is not. *See* note 4, *supra*.

We conclude that the trial court did not abuse its discretion in denying the Muellers' motion for summary judgment, **Daley**, **supra**, and, therefore, we affirm the trial court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/21/2016