J-A24040-23

2024 PA Super 312

| | | |
|---|---|---|
| MARQUITA HIGGINS, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : : | |
| v. | : : | |
| | : : | No. 752 EDA 2023 |
| NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA | : : | |

Appeal from the Order Entered March 8, 2023
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 2201001722

BEFORE: STABILE, J., DUBOW, J., and SULLIVAN, J.

OPINION BY SULLIVAN, J.: **FILED DECEMBER 26, 2024**

Marquita Higgins ("Higgins") individually and on behalf of similarly situated persons appeals from the grant of summary judgment in favor of Nationwide Affinity Insurance Company of America ("Nationwide"). We affirm.

The trial court described the underlying facts:

Higgins is a Pennsylvania resident seeking to represent a class of similarly situated persons. During the application process for an auto-insurance policy ("[the policy]"), Nationwide gathered information about Higgins, which indicated that Higgins owned one vehicle and that there were no other drivers, vehicles, or policies in Higgins'[s] household. Higgins elected to stack [uninsured motorist/underinsured motorist "UM/UIM"] coverages and was charged a premium for stacking. UM/UIM coverage allows an individual to recover from a third party that has either no auto insurance or has insufficient auto insurance, which does not fully cover an injured victim. "Stacking" coverage benefits allow an individual to combine coverage limits on a vehicle [] to increase the potential recovery. Here, Higgins argues that there is no stacking coverage benefit under a single-vehicle policy where there are no other policies in the household. Higgins further

alleges that Nationwide knowingly sold Higgins stacked coverage benefits that did not exist. Thus, Higgins is seeking a return of premiums paid for the alleged non-existent coverage. Higgins [sought] partial summary judgment for declaratory relief and a return of premiums paid. Nationwide filed a motion for summary judgment in response to Higgins'[s] claims for declaratory relief, return of premiums, injunctive relief, unjust enrichment, fraud, and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL").

Trial Court Opinion, 3/8/23, at 3 (footnote and unnecessary capitalization omitted).

The trial court granted Nationwide's motion for summary judgment and denied Higgins's motion for partial summary judgment. This timely appeal followed.[1]

On appeal, Higgins contends:

1. Did the trial court err in finding that a stacking coverage benefit exists under a single vehicle auto policy issued to a named insured with no other auto policies in the household?

2. Did the trial court err in finding that the charge of an additional premium for stacking under a single vehicle policy was justified even though the policy provided no intra-policy stacking coverage benefit nor any inter-policy stacking coverage benefit?

Higgins's Brief at 1-2 (unnecessary capitalization omitted).

Both of Higgins's issues challenge the trial court's grant of summary judgment based on the language of the policy. Our standard of review of an order granting or denying summary judgment is well-settled:

We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine

_____

[1] Higgins and the trial court complied with Pa.R.A.P. 1925.

- 2 -

issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

*Siciliano v. Mueller*, 149 A.3d 863, 864 (Pa. Super. 2016) (citation omitted).

As has been recently explained.

Section 1738 of the [Motor Vehicle Financial Responsibility Law "MVFRL"] sets forth the provisions governing the stacking of UM and UIM benefits in Pennsylvania as well as the waiver of such stacking. 75 [Pa.C.S.A.] § 1738. Specifically, Section 1738(a) requires that insurers provide stacked UM and UIM coverage as the default coverage in Pennsylvania.[2] . . . Under the MVFRL, two types of stacking exist: intra-policy and inter-policy. Intra-policy stacking of UM/UIM benefits refers to the multiplication of the limits of UM/UIM coverage under a single insurance policy by the number of vehicles insured by that policy. On the other hand, inter-policy stacking involves adding together the coverages for vehicles insured under separate policies of insurance.

> [2] Section 1738(a) provides:
>
> **(a) Limit for each vehicle**.--When more than one vehicle is insured under one or more policies providing uninsured or underinsured motorist coverage, the stated limit for uninsured or underinsured coverage shall apply separately to each vehicle so insured. The limits of coverages available under this subchapter for an insured shall be the sum of the limits for each motor vehicle as to which the injured person is an insured.
>
> * * * * *

Under the MVFRL, a named insured may elect to waive stacked UM/UIM coverage. 75 [Pa.C.S.A.] § 1738(b).[3] If a named insured chooses to waive such coverage, the MVFRL requires that

the insured's premiums be reduced to reflect the different cost of such coverage. 75 [Pa.C.S.A.] § 1738(c). As the Pennsylvania Supreme Court explained, "the MVFRL makes clear that to effectuate a waiver of UM/UIM coverage, an insurer must provide the insured with a statutorily-prescribed waiver form, which the named insured must sign if he wishes to reject the default provision of stacked coverage." [***Gallagher v. GEICO Indemnity Company***, 201 A.3d 131, 137 (Pa. 2019)]. Although Section 1738 does not designate specifically whether or how inter-policy stacking can be waived when individual vehicles are insured through single-vehicle policies[,] Section 1738(a) . . . unambiguously provides for inter-as well as intra-policy stacking, thus expressing the clear intention of the General Assembly to compel insurers to provide stacking coverage absent a valid waiver.

[3] Section 1738(b) states:

**(b) Waiver**.--Notwithstanding the provisions of subsection (a), a named insured may waive coverage providing stacking of uninsured or underinsured coverages in which case the limits of coverage available under the policy for an insured shall be the stated limits for the motor vehicle as to which the injured person is an insured.

***Paldolf v . United Services Automobile Assoc.***, 2022 WL 16951954, at *3 (W.D. Pa., 10/27/22) (most citations omitted, one citation format altered, quotation marks omitted, footnotes in original), ***report and recommendation adopted at***, 2022 WL 16950485 (W.D. Pa., 11/15/22).[2]

In her inter-related issues, Higgins argues since she is "insured [under] only one vehicle, there is no, and can be no, intra-policy stacking coverage

---

[2] "We recognize [federal court] decisions are not binding precedent on this Court. Nevertheless, we may consider federal court decisions, and opinions of other states, as persuasive authority." ***Commonwealth v. Lang***, 275 A.3d 1072, 1083 (Pa. Super. 2022) (citations omitted).

benefit." Higgins's Brief at 4. She further claims "Inter-policy stacking . . . involves only household policies. Since there were no other policies in the household of [Higgins], . . . there is no, and can be no, inter-policy stacking coverage benefit." *Id*.[3] Lastly, Higgins contends she was wrongly charged additional premiums for stacking when that coverage did not provide her with a benefit.[4] *See id*.

The trial court disagreed because a single-vehicle policy holder may confer a benefit from stacking UM/UIM coverage benefits:

> In [***Craley v. State Farm Fire and Cas. Co.***, 895 A.2d 530, 537 (Pa. 2006)] the [Supreme] Court noted that a single-vehicle policy holder could benefit from stacking "where the individual is injured in a vehicle other than his own insured vehicle and is an insured under the non-owned vehicle's policy, which also has uninsured motorist coverage (such as an employer's vehicle)." [***Id***.] . . . [T]he Court found another instance in which a single-vehicle policy owner may confer a benefit from stacking UM/UIM coverages. [***See id***.] Similarly, in [***Jones v. Geico Choice Insurance Company***, 617 F.Supp.3d 275, 281-82 (E.D. Pa. 2022)], the [trial c]ourt named additional scenarios in which a single-vehicle policy holder may confer a benefit from stacking

---

[3] We note Higgins's failure to comply with the Rules of Appellate Procedure. Higgins's argument is divided into nine sections, many including multiple subsections, rather than the two enumerated in her statement of questions presented. None of the argument titles match the two issues stated in the statement of questions presented. *See* Higgins's Brief at 7-81; *see also* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued.").

[4] This claim is not supported by the facts. Higgins has not pointed to anything of record which would demonstrate she was charged an additional premium for stacking. Rather, had she elected to waive stacking, she would have received a reduction in her premium. *See* 75 Pa.C.S.A. § 1738(c). Therefore, we will not further address this issue.

UM/UIM coverages.   [*See id*.]  The [*Jones* c]ourt notes a specific scenario:

> [C]onsider a mother-in-law about to move in with one of her adult children and that child's spouse who owns two vehicles and has policies with stacking coverage.  The mother-in-law purchases a car and her own single vehicle insurance policy with stacking coverage knowing that she will soon be joining her adult child's "household."  As soon as she moves in, she and her adult child will both benefit from *interpolicy* stacking in the event of an accident.

[*Id*. at 284].

> Here, Higgins'[s] assertion that the household policy situation is the only situation where the charge of stacking by an insurance may be justified . . . is incorrect.  Stacked UM/UIM coverage does confer a benefit, and accordingly, Higgins is not entitled to declaratory relief, return of premiums, or injunctive relief.

Trial Court Opinion, 3/8/23, at 4-5 (unnecessary capitalization and footnotes omitted; citation format altered).

The trial court further concluded Higgins did not state a claim for unjust enrichment both because the stacked UM/UIM coverage conferred a benefit on her and because she entered a binding contract with Nationwide and a "claim for unjust enrichment cannot be made when the parties enter into a binding contract." *Id*. at 6.  *See also Wilson Area School Dist. v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006) ("the doctrine of unjust enrichment is inapplicable when the relationship between the parties is founded upon a written agreement or express contract").

Likewise, the trial court found Higgins's fraud claim did not merit relief. *See* Trial Court Opinion, 3/8/23, at 6-8. The court noted Higgins's fraud claim was based on a "mischaracterization" of the Pennsylvania Supreme Court's holding in *Generette v. Donegal Mut. Ins. Co.*, 957 A.2d 1180 (Pa. 2008).[5] *Id*. at 7. Thus, the trial court concluded Higgins's fraud claim was based on a misconception that stacked UM/UIM coverage provided no benefits to her. *See id*.

Lastly, the trial court rejected Higgins's claim pursuant to the UTPCPL because it was again based on Higgins's overly broad interpretation of the holding in *Generette*. *See id*. at 8-9. The court explained:

> To state a claim under Pennsylvania's UTPCPL, a plaintiff must allege facts from which the court can plausibly infer: (1) deceptive conduct or representations by the defendant, and (2) justifiable reliance by the plaintiff on the defendant's deceptive conduct that caused the plaintiffs harm. [*See Jones*, 617 F.Supp.3d at 288 (citations omitted)]. Deceptive conduct is viewed through the eyes of the "reasonable consumer." [*Landau v. Viridian Energy PA LLC*, 223 F.Supp.3d 401, 417 (E.D. Pa. 2016)].
>
> Here, Higgins relies on the incorrect holding of *Generette* in claiming that Nationwide engaged in deceptive conduct or representations. Nationwide was required by the MVFRL to provide stacked coverage absent an express waiver from Higgins, and Nationwide did not deceive Higgins because there are benefits

---

[5] In *Generette*, our Supreme Court narrowed and clarified the instances in which stacking applies, stating, "[stacking applies] only to 'insureds' as provided in the MVFRL's definition section, 75 Pa.C.S.A. [§] 1702, which does not include guest passengers." *Generette*, 957 A.2d at 1190. As has been explained, "The decision in *Generette* changed the law by holding [that] waiver of stacked UIM coverage only applied to policies between statutorily defined insureds." *Jones*, 617 F.Supp.3d at 283 (citation omitted).

to stacking UM/UIM coverage as stated *infra*. Higgins had an obligation to question Nationwide prior to entering into the contract. Accordingly, Higgins failed to state a claim for a violation of UTPCPL, and Higgins'[s] claims fail as a matter of law.

Trial Court Opinion, 3/8/23, at 8-9 (footnotes omitted, citation format altered).

Having thoroughly reviewed the law and the record, we find no error in the trial court's ruling. Our conclusion is reinforced by the decision of the United States Court of Appeals for the Third Circuit, which recently addressed the identical issues in **Berardi v. USAA Gen. Indemnity Company**, 2023 WL 4418219 (3d Cir. 7/10/23), which held single-vehicle owners with no other household policies can derive benefits from stacked motor vehicle insurance policies. **See id**. at *2-3, citing **In re Insurance Stacking Litig.**, 754 A.2d 702 (Pa. Super. 2000) and disagreeing that **Generette** compelled a contrary result.

After discussing scenarios in which the Third Circuit believed single-vehicle owners would derive a benefit from stacking, it stated:

> [Appellants] assert that these hypothetical scenarios are inapplicable to them because none have been involved in an incident in their employer's vehicle, purchased another vehicle, or added another person to their household. Pennsylvania law, however, does not "require an insurer to explain every permutation possible from an insured's choice of coverage." **Kilmore v. Erie Ins. Co.**, 595 A.2d 623, 626-27 (Pa. Super. 1991). Instead, insureds have the "obligation to question [the] insurer at the time the insurance contract is entered into as to the type of coverage desired and the ramifications arising therefrom," and to determine what coverage will best serve their needs. **Id**. at 627; **see also Wisniski v. Brown & Brown Ins. Co.**, 906 A.2d 571, 579 n. 6 (Pa. Super. 2006) (stating that insureds have

"the duty to inquire about the scope of insurance coverage" (internal quotations and citation omitted)).  As discussed, insureds with a single vehicle and no other household policies can still benefit from stacking in certain situations, and [Appellants] had the choice to waive stacking coverage if they believed these scenarios would be inapplicable to them.

*Id*. at *3 (citation format altered).  The Third Circuit also rejected the appellants' unjust enrichment and UTPCPL claims for the same reasons the trial court proffered here.  *See id*. at *3-4; *see also* Trial Court Opinion, 3/8/23, at 5-9.

Having thoroughly reviewed the relevant law, we see nothing to distinguish the instant matter from *Berardi* and find the Third Circuit's reasoning to be persuasive.[6]  Accordingly, for the reasons discussed above, we affirm the grant of summary judgment.

_____

[6] The Third Circuit decided *Berardi* after Higgins filed her brief in the instant matter.  The attorneys who represent Higgins represented the appellants in *Berardi* and *Jones*.  In *Berardi*, the Third Circuit affirmed the district court decisions in both *Berardi* and *Jones* in all respects.  *See Berardi*, 2023 WL 4418219, at *4.  The trial court in the instant matter relied heavily on the district court decisions in *Berardi* and *Jones*.  *See* Trial Court Opinion, 3/7/23, at 4-9.

In her brief, Higgins castigates the trial court for its reliance on *Berardi* and *Jones* and repeatedly impugns and demeans the district courts' opinions in *Berardi* and *Jones*.  Higgins complains:

The decision of the trial court failed miserably in attempting to understand stacking concepts in Pennsylvania.  The trial court relied blindly upon decisions of the federal district court[,] which similarly displayed a profound misunderstanding of stacking law under the MVFRL . . .  However, the trial court (along with the

*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/26/2024

_____

district court) failed miserably in attempting to understand and
interpret these concepts.

Higgins's Brief at 6-7 (unnecessary capitalization omitted). **See also id**. at
51 n. 29 (quoting Ralph Waldo Emerson's statement "Consistency is the
hobgoblin of little minds," when referencing the trial court decision).

We note with disapproval the condescending, and at times sarcastic tone
that permeates Higgins's counseled brief. As an appellant, an individual is
certainly entitled to argue the trial court erred. However, to use a brief
addressed to this, or any, court to express disdain for the trial courts that rule
contrary to a party's position is unprofessional.