J-A06037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| MICHAEL YARON, INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF BERGER DEVELOPMENT, LP | : IN THE SUPERIOR COURT OF<br>: PENNSYLVANIA<br>: |
| Appellant | : |
| v. | : |
| | : No. 1018 EDA 2024 |
| BERGER DEVELOPMENT, LP, BERGER DEVELOPMENT, LLC, ARTHUR RUPPIN, DORON GELFAND, GELFAND YARDENI RE DEVELOPMENT AND MANAGEMENT, LP, GELFAND YARDENI RE DEVELOPMENT AND MANAGEMENT, LLC, BENGTAL INVESTMENTS, LP, BENGTAL BERGER INVESTMENT, LLC, BENGTAL BERGER INVESTMENT, LP, BENGTAL BERGER INVESTMENT, LLC, AMIR BEN-SHAHAR, LIOR TAL, BERGER PHOENIX INVESTMENT, LP, BERGER INVESTMENT, LLC, LEON SINGER, BERGER MASTER TENANT, LP, BERGER MASTER TENANT LLC, KEREN GILL, AND URI SHANI<br>v. | : |
| HARRISE YARON | : |

Appeal from the Order Entered April 2, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  1906-7454

BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MARCH 28, 2025**

_____

[*] Former Justice specially assigned to the Superior Court.

Appellant Michael Yaron files this appeal from the order entered by the Court of Common Pleas of Philadelphia County denying his motion for post-trial relief to remove nonsuit and schedule a new trial. After careful review, we reverse and remand for further proceedings.

The trial court summarized the factual background of this case as follows:

> [Appellant] Michael Yaron is a commercial real estate developer, investor, and purportedly, a limited partner in Berger LP. [Appellees] Berger Development, LP, Doron Gelfand, Leon Singer, Amir Ben-Shahar, [and] Lior Tal … are also Berger LP partners.
>
> On or about 2007, Appellant and Doron Gelfand purchased a property located at 229 Arch Street, Philadelphia, Pennsylvania ("Property"). They planned to invest and convert the property into a "luxury high-rise apartment building." After purchase, Appellant and Gelfand formed Berger LP, which would act as the Property's recorded owner.
>
> On April 10, 2010, Appellant was criminally indicted for wire fraud and conspiracy to commit wire fraud in connection to "procur[ing] asbestos removal contracts with the New York Presbyterian Hospital." On March 23, 2011, Appellant "assigned his interests in Berger LLC[1] to Gelfand and resigned as a managing member." Appellant did so, because Gelfand allegedly promised Appellant "he would protect [Appellant's] interests during the pendency of [Appellant's] criminal case." Appellant also complied a Federal Indictment Presentence Investigation Report (PSIR) requiring that he list his business assets. Appellant failed to disclose his partnership interest in Berger LP anywhere on the PSIR.
>
> In addition on March 23, 2011, Appellant and Gelfand entered into an Investor Agreement with "Singer and Bengtal (through Ben-Shahar and Tal)" to all co-own partnership interests

_____

[1] Appellant formed Berger LLC to be Berger LP's general partner. Appellant's Fourth Amended Complaint, at ¶ 48.

in Berger LP. Under the Investor Agreement, Appellant initially believed he co-owned 24.9% partnership interest with Gelfand in Berger LP. However, upon further investigation in November of 2011, Appellant discovered he was completely written out of the Investor's Agreement, and owned no partnership interest in Berger LP. Therefore, Appellant could not obtain a loan using Berger LP, exercise powers as a partner, and was outright told by a loan officer he "was not identified as a partner in the partnership documents needed to approve the loan."

Thereafter, Appellant "demanded to receive written confirmation of his [individual] 12.5% partnership interest" in Berger LP. On December 4, 2012, Appellant, Gelfand, and others executed an "Assignment of Limited Partnership Interests" Agreement [(hereinafter "Assignment Agreement")] which seemingly confirmed in writing Appellant's 12.5% partnership interest in Berger LP. On December 12, 2012, eight days after executing the Assignment Agreement, Appellant began serving a five-year sentence in federal prison for wire fraud and conspiracy.

However, "[f]rom the date of his incarceration until the present … Gelfand [et al.] have refused to recognize [Appellant's] partnership interest" in Berger LP. Appellant was released from prison in April of 2017. Allegedly, he spent the next "two-year period to accumulate sufficient assets" before finally filing this current litigation against Appellees on June 28, 2019.

Trial Court Opinion (T.C.O.), 9/13/24, at 2-3 (citations omitted).

On June 28, 2019, Appellant filed his initial complaint. Thereafter, Appellant was permitted to amend his complaint multiple times. On December 28, 2020, Appellant filed his fourth amended complaint against Berger Development, LP ("Berger LP"), Berger Development, LLC, Arthur Ruppin, Doron Gelfand, Gelfand Yardeni RE Development and Management, LP, Gelfand Yardeni RE Development and Management, LLC ("GY"), Berger Master Tenant, LP, Berger Master Tenant, LLC, Bengtal Investments, LP, Bengtal Investments, LLC, Bengtal Berger Investment, LP, Bengtal Berger Investment,

LLC, Amir Ben-Shahar, Lior Tal, Berger Phoenix Investment, LP, Berger Phoenix Investment, LLC, Leon Singer, Keren Gill, and Uri Shani (collectively referred to as "Appellees").

In this fourth amended complaint, Appellant sought a declaratory judgment recognizing that he held a 12.5% partnership interest in Berger LP pursuant to the December 4, 2012 Assignment Agreement. Appellant also included counts of breach of contract, conversion, breach of fiduciary duty, unjust enrichment, and civil conspiracy.

Appellees filed answers and new matter to Appellant's fourth amended complaint. Gelfand and GY filed a counterclaim against Appellant. In addition, Gelfand and GY filed a joinder complaint against Harrise Yaron, Appellant's wife. Harrise Yaron filed an answer to the joinder complaint.

Appellees filed motions for summary judgment claiming, *inter alia*, that all of Appellant's claims are barred by the applicable statute of limitations. Further, Appellees claimed that Appellant should be judicially estopped from asserting a partnership interest in Berger LP through the December 4, 2012 Assignment Agreement as he failed to list any alleged interest in Berger LP as required for the purpose of the presentence investigative report (PSIR) related to the federal indictment discussed above. Appellees included as an exhibit an email correspondence from Appellant's former counsel confirming that a draft of Appellant's PSIR that Appellant reviewed as a part of his sentencing did not reference Appellant's alleged interest in Berger LP.

- 4 -

On April 26, 2022, Appellant filed a response to the summary judgment motion, asserting that the statute of limitations was tolled for his contractual claims, which were subject to the "continuing contract doctrine" as the parties' contractual duties were ongoing. Response to Summary Judgment, 4/26/22, at 5. Appellant claimed that his tort-based claims were tolled by the discovery rule until the point where he knew or reasonably should have known of his tort claims. Response to Summary Judgment, 4/26/22, at 5.

Further, Appellant argued there was no basis to conclude that Appellant should be estopped from asserting his partnership interest in Berger LP as Appellees failed to show that the actual PSIR related to his federal indictment did not mention his interest in Berger LP. Appellant contended that Appellees did not have his actual PSIR and could not obtain it due to its confidential nature. Appellants further argued that Appellees failed to offer any legal support for their request for the application of judicial estoppel.

On July 21, 2022, the Honorable Leon W. Tucker entered an order denying Appellees' motions for summary judgment, in which he determined that "there exist genuine issues of material fact as to each and every claim as raised in [Appellees'] Motion for Summary Judgment." Order, 7/21/22, at 1. Judge Tucker did not file an accompanying opinion.

On December 9, 2022, the trial court issued an order scheduling the bench trial in this case for December 4, 2023 before the Honorable Paula A. Patrick. The December 9, 2022 order also provided that all motions *in limine* shall be filed twenty (20) days before the commencement of trial and

responding parties shall have ten (10) days thereafter to file a response. Order, 12/9/22, at 1.

On the morning of December 4, 2023, the day the parties' bench trial was set to commence, Judge Patrick allowed Appellees to present two oral motions *in limine*. In one of the motions, Appellees again argued Appellant should be barred from presenting evidence of the 2012 Assignment Agreement as Appellant had not met the applicable statutes of limitations. In the other motion, Appellees again argued that Appellant should not be permitted to claim an interest in Berger LP as they alleged that Appellant failed to disclose his alleged 12.5% interest in Berger LP to federal authorities seeking to prepare a presentence report for his federal indictment.

In response, Appellant claimed Appellees were attempting to relitigate the same issues that had already been dismissed by Judge Tucker in Appellees' summary judgment motions. Appellant also challenged the trial court's decision to allow Appellees to present the oral motions *in limine* which violated the trial court's order requiring that written motions *in limine* be filed twenty days before the commencement of trial in order to give the nonmoving party an opportunity to respond.

When the trial court questioned Appellant's counsel as to whether Appellant reported such interest to the federal authorities when required to do so, counsel responded, "[i]n connection with the presentence report with probation, [it] is not in there, there is no question." Notes of Testimony (N.T.), 12/4/23, at 28.

On December 5, 2023, the trial court convened the parties in court and entered orders granting both of Appellees' oral motions *in limine*. First, the trial court ruled that Appellant was precluded from introducing any evidence regarding his alleged partnership interest in Berger LP. The trial court made a factual finding that Appellant failed to disclose any alleged partnership interest in Berger LP when ordered to do so by the sentencing court in his April 10, 2010 federal indictment for the purpose of the presentence report. The trial court then stated her "belief that based upon that misrepresentation or avoidance in putting that on the presentence report, the Court is inclined to grant the motion *in limine* to exclude all testimony and evidence of any alleged partnership interest with Berger LP." N.T., 12/5/23, at 6-7. In its order, the trial court reasoned that it was permitted to exclude relevant evidence if "its probative value is outweighed by a danger of one or more of the following, unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time." **See** Pa.R.E. 403. Order, 12/5/23, at 1.

In the second order, the trial court ruled Appellant was precluded from introducing any evidence or testimony regarding the December 4, 2012 Berger Assignment as Appellant did not file his initial complaint until October 25, 2018. The trial court found Appellant's contract claims were barred by the statute of limitations for a breach of contract action which is four years. **See** 42 Pa.C.S.A. § 5525.

On December 6, 2023, the trial court entered an order purporting to grant a nonsuit against Appellant on all claims against Appellees. On

December 18, 2023, Appellant filed a post-trial motion to remove the nonsuit and schedule a new trial.[2] In an order dated January 11, 2024 (but docketed February 14, 2024), the trial court denied Appellant's post-trial motion to remove the nonsuit.

On February 23, 2024, Appellant filed a notice of appeal from the trial court's February 14, 2024 order denying his motion to remove the nonsuit. This appeal was docketed at 630 EDA 2024. On March 26, 2024, this Court issued a rule to show cause as to why the appeal at 630 EDA 2024 should not be quashed. Although the December 6, 2023 order dismissed all of Appellant's claims against all defendants, the order did not dispose of the defendant's counterclaims or third-party claims.[3] This Court quashed the appeal at 630 EDA 2024 as Appellant's response was legally insufficient to support the appealability of the orders.

In the meantime, on March 15, 2024, Appellant filed a Motion for Certification of Finality of the trial court's order entered on February 14, 2024 pursuant to Pa.R.A.P. 341(c). On April 2, 2024, the trial court entered an

---

[2] Before the trial court could rule on the post-trial motion, Appellant filed a notice of appeal on January 4, 2024 from the two December 5, 2023 orders granting Appellees' motions *in limine*. This appeal was docketed at 181 EDA 2024. This Court issued a rule to show cause as to why the appeal should not be quashed as Appellant had not challenged an appealable order. On February 29, 2024, this Court quashed the appeal at 181 EDA 2024 as Appellant's response was legally insufficient to support the appealability of the orders.

[3] This Court also noted in the March 26, 2024 rule to show cause that the trial court's entry of nonsuit before trial on December 6, 2023 actually constituted a grant of summary judgment, as discussed *infra*. **See Lewis v. United Hosps., Inc.**, 547 Pa. 626, 631, 692 A.2d 1055, 1058 (1997).

order indicating that it was amending its February 14, 2024 order, which it deemed to be a final order pursuant to Rule 341(c) after determining that an immediate appeal … [would] facilitate resolution of the entire case." Order, 4/2/24, at 1-2.

On April 8, 2024, Appellant filed a notice of appeal from the trial court's April 2, 2024 order. Appellant complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant first argues that the trial court erred in entering a nonsuit against him before the commencement of trial in violation of Pa.R.C.P. 230.1(c). We agree.

Our rules of civil procedure permit a trial court to enter a compulsory nonsuit "on any and all causes of action if, *at the close of the plaintiff's case against all defendants on liability*, the plaintiff has failed to establish a right to relief." Pa.R.C.P. 230.1(c) (emphasis added). Our courts have clarified that pursuant to Rule 230.1(c), a trial court may not enter a nonsuit prior to the commencement of trial before the presentation of the plaintiff's evidence on liability. **Lewis v. United Hosps., Inc.**, 547 Pa. 626, 631, 692 A.2d 1055, 1058 (1997). Our Supreme Court has specifically stated that:

> [W]e know of no proceeding which permits the court to enter a compulsory nonsuit without testimony having been taken in court. … The law is clear that a compulsory nonsuit may not be entered at the commencement of trial on the ground that a plaintiff's proposed evidence is insufficient to sustain his cause of action.

**Id.** (citing **Ruhe v. Kroger Co.**, 425 Pa. 213, 215, 228 A.2d 750, 751 (1967)).

As such, where a trial court purports to enter a nonsuit before trial has begun, the "nonsuit" is the equivalent of a pre-trial dispositive order for judgment on the pleadings or summary judgment. *Lewis*, 547 Pa. at 631, 692 A.2d at 1058. *See also Phillips v. Lock*, 86 A.3d 906, 912 (Pa.Super. 2014) (holding that, where the trial court entered a nonsuit before trial based on pretrial record, the nonsuit was properly considered a grant of summary judgment).

In this case, as the trial court (Judge Patrick) purported to enter a nonsuit on December 6, 2023 before trial had commenced and before Appellant had the opportunity to present evidence as to liability, the "nonsuit" actually constituted a grant of summary judgment. Thus, as Appellees moved for the dismissal of Appellant's claims on the basis of the pretrial record, we proceed to review the trial court's premature entry of nonsuit as a grant of summary judgment and consider Appellant's remaining issues on that basis.

Our standard of review of the grant of a motion for summary judgment is well-settled:

> We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.

> Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

*Phillips*, 86 A.3d 906, 912–13 (*quoting* ***Hogg Const., Inc. v. Yorktowne Med. Ctr., L.P.,*** 78 A.3d 1152, 1154 (Pa.Super. 2013) (citation omitted)).

As a preliminary matter, we must evaluate Appellant's claim that the trial court (Judge Patrick) erred in dismissing his claims before trial commenced as this ruling was contrary to Judge Tucker's previous denial of Appellees' summary judgment motion. Appellant claims Judge Patrick violated the coordinate jurisdiction rule by disregarding Judge Tucker's prior ruling on the same issues.

As Appellant's claim that the trial court's order violated the coordinate jurisdiction rule is a question of law, our standard of review is *de novo*. ***Ivy Hill Congregation of Jehovah's Witnesses v. Dep't of Hum. Servs.***, 310 A.3d 742, 754 (Pa. 2024) (quoting ***Zane v. Friends Hospital***, 575 Pa. 236, 836 A.2d 25, 30 n.8 (2003)).

> Pursuant to the coordinate jurisdiction rule,
>
> judges of coordinate jurisdiction sitting in the same case should not overrule each others' decisions. Beyond promoting the goal of judicial economy, the coordinate jurisdiction rule, which we have explained falls within the more general "law of the case" doctrine, serves "(1) to protect the settled expectations of the parties; (2) to insure uniformity of decisions; (3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end."

***Ivy Hill***, 310 A.3d at 754 (quoting ***Commonwealth v. Starr***, 541 Pa. 564, 664 A.2d 1326, 1331 (1995)). This Court has also explained that:

> [w]here a motion has been presented and decided and where no new facts are presented in a motion seeking the same relief, the first order should be followed based on considerations of judicial

economy and efficiency. Equally important, however, is that the rule prevents forum shopping; if the rule were not in place, the same issue could be raised again and again before different judges of the same court until the litigant finds a judge sympathetic to his position.

***Harrity v. Med. Coll. of Pennsylvania Hosp.***, 653 A.2d 5, 8 (Pa.Super. 1994).

A trial court may only depart from the coordinate jurisdiction rule if "*exceptional circumstances*" exist, such as "where there has been an intervening change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed." ***Ivy Hill***, 310 A.3d at 754 (quoting ***Starr***, 664 A.2d at 1332) (emphasis added). Our courts have also recognized that "[w]here the motions differ in kind, … a judge ruling on a later motion is not precluded from granting relief although another judge has denied an earlier motion." ***Campbell v. Attanasio***, 862 A.2d 1282, 1286 (Pa.Super. 2004) (quoting ***Ryan v. Berman***, 572 Pa. 156, 813 A.2d 792, 795 (2002) (citation omitted)).

Judge Patrick claimed the coordinate jurisdiction rule did not preclude her from granting Appellees' motions *in limine* which she asserted differed in kind from the summary judgment motions that Judge Tucker had denied, even though the motions contained the same issues. Judge Patrick pointed out that summary judgment motions are not reviewed under the same standard as motions *in limine*, as the latter motions were reviewed "with an eye to towards evidentiary admissibility, not deferentially to the nonmovant Appellant."

T.C.O. at 13. The trial court then determined that it was "obligated" to dismiss Appellant's claims against all Appellees as Appellant "could not justify recovery against Appellees for statute of limitations and [Rule] 403 concerns." T.C.O., at 21-22.

However, this Court has rejected similar logic and concluded that a trial court violated the coordinate jurisdiction rule in granting motions *in limine* that raised the same claims previously denied by another judge in a motion for summary judgment. **Campbell**, 862 A.2d at 1286. This Court noted that both sets of motions presented the same considerations to each of the judges and there was no indication that the second judge ruling on the motions *in limine* considered additional facts or evidence that had not been presented to the first judge who denied summary judgment. **Id.** at 1286-87.[4]

---

[4] The trial court relied heavily on **Hunter v. City of Philadelphia**, 80 A.3d 533, 537 (Pa.Cmwlth. 2013) in which the Commonwealth Court determined that the trial court did not violate the coordinate jurisdiction rule by granting the defendant's request for nonsuit after a different judge had denied the defendant's pretrial motion for summary judgment. The Commonwealth Court noted that "motions for summary judgment and for entry of a non-suit differ not only in kind but also in the operative facts," as the motions occur at different procedural phases of case with the latter occurring after the presentation of the plaintiff's case in chief at trial. **Id.** at 538.

We first note that we are not bound by decisions of the Commonwealth Court. **See Mariner Chestnut Partners, L.P. v. Lenfest**, 152 A.3d 265, 283 (Pa.Super. 2016) (noting that decisions of the Commonwealth Court are not binding on this Court, but may be relied on as persuasive authority). Second, the **Hunter** decision is distinguishable as the trial court in that case granted nonsuit after the presentation of the plaintiff's evidence at trial, whereas in this case, the trial court entered nonsuit prematurely before trial, essentially entering a second summary judgment ruling.

- 13 -

Similarly, in this case, although Appellees may have labeled their oral motions *in limine* as evidentiary motions, the substance of such motions was a second attempt to convince the trial court to grant a pretrial dismissal of Appellant's claims. The motions *in limine* were veiled challenges to the same issues raised in their previous motion for summary judgment which Judge Tucker had already denied, namely, whether the actions were barred by the applicable statute of limitations, and whether Appellant should be precluded from asserting an ownership interest in Berger LP when he had not listed such as an asset in response to the presentence investigation by federal authorities.

We reiterate Judge Tucker had already expressly determined that Appellees were not entitled to summary judgment on these precise issues when reviewing the record in the light most favorable to Appellant as nonmovant as "there exist[ed] genuine issues of material fact as to each and every claim as raised in [Appellees'] Motion for Summary Judgment." Order, 7/21/22, at 1. Appellees' mere relabeling of their renewed requests for summary judgment as motions *in limine* did not allow Judge Patrick to ignore the applicable standard of review deferential to Appellant in a summary judgment context and to overrule Judge Tucker's decision on the same issues. Judge Patrick essentially entered summary judgment when she dismissed Appellant's claims before trial after determining that Appellant could not justify recovery against any of the Appellees.

We now proceed to review each "motion *in limine*" individually. With respect to Appellees' motion arguing that Appellant's claims were barred by

the applicable statute of limitations, neither Judge Patrick nor Appellees identified any extraordinary circumstances that would allow the trial court to overrule Judge Tucker's previous denial of summary judgment on this issue. Judge Patrick granted this motion on the same factual record on which Judge Tucker had ruled that summary judgment was not warranted. There was no intervening change in the controlling law or substantial change in the facts. Judge Patrick did not assert that Judge Tucker's prior holding was clearly erroneous and would create a manifest injustice if followed. Thus, we agree that Judge Patrick violated the coordinate jurisdiction rule by overruling Judge Tucker's determination that summary judgment was not warranted on the statute of limitations issue.

With respect to Appellees' argument that Appellant should be precluded from introducing evidence as to his alleged partnership interest in Berger LP, Appellees renewed the same argument set forth in their previous summary judgment, which was denied by Judge Tucker. Appellees presented no new facts or precedent and did not argue that Judge Tucker's ruling was clearly erroneous.

However, we note that Judge Patrick made a *sua sponte* ruling that comments made by Appellant's counsel in open court on December 5, 2023 constituted a judicial admission that "Appellant's partnership [interest in Berger LP] was not disclosed on the PSIR." T.C.O. at 17. Nevertheless, the trial court's characterization of Appellant's counsel's remarks as a judicial admission did not present extraordinary circumstances that would allow the

trial court to depart from the coordinate jurisdiction rule and grant Appellees summary judgment.

Our courts have held that "[s]tatements of fact by one party in pleadings, stipulations, testimony, and the like, made for that party's benefit, are termed judicial admissions and are binding on the party." *John B. Conomos, Inc.*, 831 A.2d 696, 712 (Pa.Super. 2003) (citing *Nasim v. Shamrock Welding Supply Co.*, 563 A.2d 1266, 1267 (Pa.Super. 1989) (finding "[i]t is well established that a judicial admission is an express waiver made in court or preparatory to trial by a party or his attorney, conceding for the purposes of trial, the truth of the admission")). More specifically,

> [a] judicial admission must be a clear and unequivocal admission of fact. Judicial admissions are limited in scope to factual matters otherwise requiring evidentiary proof, and are exclusive of legal theories and conclusions of law. The fact must have been unequivocally admitted and not be merely one interpretation of the statement that is purported to be a judicial admission. *Jones v. Constantino*, [429 Pa.Super. 73, 631 A.2d 1289, 1293–94 (1993) ] (finding no admission where "the evidence could be reasonably construed to admit of more than one meaning"). An admission is not conclusively binding when the statement is indeterminate, inconsistent, or ambiguous. *Dible v. Vagley*, [417 Pa.Super. 302, 612 A.2d 493, 499 (1992)] … When there is uncertainty surrounding a conceded fact, it is the role of the judge or jury as fact finder to determine which facts have been adequately proved and which must be rejected.

*Koziar v. Rayner*, 200 A.3d 513, 521–22 (Pa.Super. 2018) (quoting *John B. Conomos, Inc.*, 831 A.2d at 713 (some citations omitted)).

As noted above, when Appellees raised their oral motions *in limine* on the day of trial, the trial judge questioned Appellant's counsel whether

Appellant's alleged interest in Berger LP had not been included in the draft presentence report. Appellant's counsel responded that he was not sure why the draft PSIR did not list Appellant's interest in Berger LP, but stated that:

> [t]he only answer I could give you is that it was an oversight as to not being listed. But the question is not whether or not [Appellant] thought he was an owner or didn't think he was an owner. He was always an owner of the entity. If it wasn't listed, it wasn't listed. I don't know how Mr. Gelfand gets the benefit of that but it goes to credibility.

N.T., 12/4/23, at 25-26 (emphasis added). The trial court agreed that if Appellant had failed to report his interest in Berger LP, this fact could be used to impeach Appellant's credibility. The trial court expressed its suspicion that Appellant did not report his interest in Berger LP for the purpose of the federal presentence report as he was attempting to avoid a restitution award. N.T., 12/4/23, at 25-26.

Appellant's counsel responded that the federal court had not imposed restitution on Appellant and denied Appellant was ever questioned in open court about his assets at that point in time. Appellant counsel appeared to acknowledge that Appellant's alleged interest in Berger LP was not listed in the final PSIR, stating:

> [i]n connection with the presentence report with probation, [it] is not in there, there is no question. I don't believe he stood before the court and was asked questions under oath. He testified to that.

N.T., 12/4/23, at 28 (emphasis added).

Thereafter, the trial court indicated that it determined that Appellant's counsel had made a judicial admission that Appellant had not reported his

- 17 -

interest in Berger LP on the federal presentence report. The trial judge indicated that since she would serve as both "judge and factfinder" in the bench trial, "it was well within the trial court's discretion and function to use counsel's judicial admission to determine Appellant's credibility" for failing to disclose this information. T.C.O. at 17. The trial court expressed her belief that Appellant's failure to disclose was a result of "misrepresentation or avoidance." N.T., 12/5/23, at 6-7. The trial court found that Appellant should be barred from presenting any evidence or testimony with respect to his claim of ownership of Berger LP as the trial court had concerns about Appellant's credibility and unfair prejudice under Pa.R.E. 403.

First, although Appellant's counsel admitted that Appellant's PSIR did not list Berger LP as one of his assets, we are not convinced that Appellant's counsel made a clear and unambiguous admission that Appellant was affirmatively asserting that he had no partnership interest in Berger LP at the time he failed to report such interest to federal authorities for the purpose of his presentence investigation. As noted above, Appellant's counsel expressed ignorance as to the reason Appellant's interest in Berger LP was not listed on the PSIR and suggested it could have been due to Appellant's oversight.

Second, even if the trial court was permitted to find Appellant's counsel's statements constituted a judicial admission that Appellant failed to report his alleged interest in Berger LP to federal authorities for the purpose of his presentence report, the trial court went beyond this limited admission and

made a factual finding on the ultimate issue presented in this case: whether Appellant had an enforceable partnership interest in Berger LP.

It was improper for the trial court to use this limited judicial admission to assess Appellant's credibility as to all the claims raised in this litigation when Judge Tucker had previously ruled that genuine issues of material fact existed on each claim and Appellant had not been given the opportunity to present testimony or evidence to support his claim of ownership in Berger LP. *See Broadwater v. Sentner*, 725 A.2d 779, 784 (Pa.Super. 1999) ("[A witness's] credibility is a determination for the [factfinder] and necessarily creates a genuine issue of material fact"). The credibility and weight to be attributed to Appellant's claims were not proper considerations at the summary judgment stage, but rather whether there was no genuine issue as to any material fact and it was clear that Appellees were entitled to a judgment as a matter of law. *See Gutteridge v. A.P. Green Servs., Inc.*, 804 A.2d 643, 652 (Pa.Super. 2002) (citing *Resolution Trust Corp. v. Urban Redevelopment Authority,* 536 Pa. 219, 225, 638 A.2d 972, 975 (1994) ("credibility of evidence is not a proper consideration at the summary judgment stage because the trial court may not summarily enter judgment when the evidence depends on oral testimony").[5]

_____

[5] Our courts have recognized that a trial court may enter summary judgment if the "moving party supports its motion for summary judgment with admissions by the opposing party." *InfoSAGE, Inc. v. Mellon Ventures, L.P.,* 896 A.2d 616, 631 (Pa.Super. 2006). However, "[t]o carry the weight
*(Footnote Continued Next Page)*

Further, although the trial court was essentially granting Appellees' renewed motion for summary judgment, the trial court refused to apply the relevant standard of review to evaluate the pretrial record in a light most favorable to Appellant as nonmovant and to resolve all doubts as to the existence of a genuine issue of material fact against Appellees as the moving party. **Phillips**, **supra**. The trial court expressly indicated that it would not give any deference to Appellant on the issues raised by Appellee and explicitly stated that it would not follow the standard of review for summary judgment motions in dismissing Appellant's claims before trial.

Further, to the extent that the trial court reasoned that it could preclude Appellant from offering evidence of his ownership in Berger LP based on concerns of unfair prejudice pursuant to Pa.R.E. 403, we are not convinced that trial courts should exclude evidence on this basis prior to a bench trial. Although our rules of evidence generally provide that all relevant evidence is admissible, a trial court "may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice,

_____

of a binding judicial admission, however, the opposing party's acknowledgment must conclusively establish a material fact and not be subject to rebuttal." **DeArmitt v. New York Life Ins. Co.,** 73 A.3d 578, 595 (Pa.Super. 2013) (citing **John B. Conomos, Inc., supra** at 713 (finding "[w]hen there is uncertainty surrounding a conceded fact, it is the role of the ... fact finder to determine which facts have been adequately proved and which must be rejected")). Although Appellant's counsel may have admitted that Appellant failed to disclose an interest in Berger LP to federal authorities for the purpose of the presentence investigation, such an admission did not conclusively establish a material fact such that it could not be subject to rebuttal.

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.A.P. 403. The comment to Rule 403 defines unfair prejudice as "a tendency to suggest decision on an improper basis or to divert *the jury's attention* away from its duty of weighing the evidence improperly." Pa.R.A.P. 403, comment (emphasis added).

We observe that federal courts have held that "in the context of a bench trial, evidence should not be excluded under [Fed.R.E.] 403 on the ground that it is unfairly prejudicial." ***Schultz v. Butcher***, 24 F.3d 626, 631–32 (4th Cir. 1994).[6] The Fourth Circuit Court of Appeals held that:

> [e]xcluding relevant evidence in a bench trial because it is cumulative or a waste of time is clearly a proper exercise of the judge's power, but excluding relevant evidence on the basis of "unfair" prejudice is a useless procedure. Rule 403 assumes a trial judge is able to discern and weigh the improper inferences, and then balance those improprieties against probative value and necessity. Certainly, in a bench trial, the same judge can also exclude those improper inferences from his mind in reaching a decision.

***Schultz***, 24 F.3d at 632 (quoting ***Gulf States Utils. Co. v. Ecodyne Corp.***, 635 F.2d 517 (5th Cir. Unit A Jan. 1981)).

Similarly, while Pa.R.E. 403 was designed to allow trial courts to exclude evidence that would cause the jury to reach a decision on an improper basis or to distract the jury from its proper duties, trial courts are fully capable of hearing relevant evidence and weighing its probative value without making

---

[6] "We recognize [federal court] decisions are not binding precedent on this Court. Nevertheless, we may consider federal court decisions, and opinions of other states, as persuasive authority." ***Higgins v. Nationwide Affinity Ins. Co. of Am.***, 329 A.3d 701, 704 (Pa.Super. 2024) (citation omitted).

improper inferences. Thus, the trial court should not have precluded Appellant from offering evidence of his ownership in Berger LP at the parties' bench trial, where Rule 403 concerns of unfair prejudice before a jury were not present.

As a result, our review of the record does not reveal that extraordinary circumstances existed that would allow the trial court to overrule Judge Tucker's previous denial of summary judgment and dismiss Appellant's claims against Appellees before trial.

Appellant also argues that the trial court abused its discretion in entertaining Appellees' oral "motions *in limine*" seeking summary judgment on the morning that trial was scheduled to commence.

We acknowledge that "[g]enerally, it is improper for a trial court to entertain a motion for summary judgment filed on the morning of trial." **DiGregorio v. Keystone Health Plan E.**, 840 A.2d 361, 366 (Pa.Super. 2003) (citation omitted). In **DiGregorio**, this Court held that it was procedurally defective for the trial court to grant an oral motion for summary judgment on the morning trial was set to begin, as such a ruling denied the nonmoving parties the opportunity to preserve their issues in a written response. **Id.** at 367. We also observe that the trial court had issued a previous order requiring that written motions *in limine* "shall be filed twenty (20) days before the commencement of trial and responding parties shall have ten (10) days thereafter to file a response." Order, 12/9/22, at 1.

However, we have held that "a trial court may grant summary judgment without providing an opportunity to file a responsive brief if the record

supports the determination and there is no prejudice to the opposing party." *Id*. at 367 (citing *Myszkowski v. Penn Stroud Hotel, Inc.,* 634 A.2d 622 (Pa.Super. 1993)). In *Phillips*, this Court determined that the trial court did not err in entering partial summary judgment and dismissing one of the defendants on the morning of trial without allowing the plaintiff an opportunity to provide a written response. *Phillips*, 86 A.3d at 915. This Court found the plaintiffs had not shown prejudice from this ruling as they did "not seek to advance any argument [on appeal] about the motion to dismiss that they were precluded from advancing in the trial court." *Phillips*, 86 A.3d at 915.

In the same manner, Appellants offered the same arguments to the trial court that they raise on appeal. Appellant was able to preserve all the legal arguments that he wished to appeal and does not demonstrate how he was unable to prepare his case or respond to the allegations set forth by Appellees. As such, while we express disagreement with the trial court's decision to entertain Appellees' oral motions for summary judgment on the morning of trial, Appellant cannot demonstrate how he was prejudiced by this ruling.

For the reasons set forth above, we reverse the trial court's nonsuit order and remand for further proceedings consistent with this memorandum.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/28/2025